HENDERSON v. STATE OF INDIANA.

[No. 29,126.   Filed November 8, 1954.]

*Benadum, Cecil & McClellan,* of Muncie, for appellant.

*Edwin K. Steers,* Attorney General, and *Owen S. Boling* and *Richard M. Givan,* Deputy Attorneys General, for appellee.

DRAPER, J.—The appellant was tried by jury, found guilty of armed robbery, and sentenced to prison. Of the numerous specifications of his motion for new trial only one is presented on this appeal.

The issue of the appellant's sanity was joined by the pleadings, and the trial court appointed three competent, disinterested physicians to examine the appellant and testify at the trial, pursuant to the provisions of Burns' 1942 Repl., §9-1702, which is set out in full in the margin.[1]

Dr. Clayton L. Rice was one of those so appointed. He was interrogated by the court following the presentation of the evidence for the prosecution and the defense, and his testimony, like that of the other doctors, was adverse to the appellant on the issue of insanity.

However, after the state rested its case, and while the appellant was introducing evidence in his defense,

---

1. At the trial of such cause, evidence may be introduced to prove the defendant's present sanity, or insanity, or his sanity or insanity at the time at which he is alleged to have committed the act charged in the indictment or affidavit. When an insanity defense is pleaded, the court shall appoint two (2), or three (3), competent disinterested physicians to examine the defendant, and to testify at the trial. Such testimony shall follow the presentation of the evidence for the prosecution and for the defense, including testimony of medical experts employed by the state and by the defense, if any. The medical witnesses appointed by the court may be cross-examined by both the prosecution and the defense, and each side may introduce evidence in rebuttal to the testimony of such medical witnesses.

he called Dr. Rice to testify as a witness in the case. It was thereupon developed under examination by the court that the doctor had examined the defendant pursuant to appointment by the court and upon objection by the State, the court refused to permit Dr. Rice to testify further at that time, stating that after the State and defense had closed their evidence, both the State and defense would have an opportunity to cross-examine the witness and would also have an opportunity, if they so desired, to make the doctor their own witness. The dialogue between the trial court and the attorneys, as presented by the record, is rather confusing. The attorney for the appellant was in fact permitted to question the witness, but all of such questions related to the doctor's qualifications and employment as a medical man. No questions on any other subject were put to him by the appellant and no offer to prove seems to have been made with respect to any particular question.

Much of the record concerns the appellant's insistence that the State's objection to the testimony of the witness should be stricken so as to permit him to make an offer to prove, it being his contention that the offer must precede the objection. Such is not our practice, for under Rule 1-5 of this court, the offer to prove may be made either before or after objection to the question is made and ruled upon.

The appellant advances the refusal to permit Dr. Rice to testify at that time as reversible error.

As above stated, Dr. Rice was later called and interrogated by the court after the evidence of the prosecution and defense had been introduced. He testified he had no knowledge concerning the case prior to the day he examined the defendant, and further testified on the subject of the defendant's sanity. There-

upon the appellant was afforded an opportunity to examine the witness but declined to do so, appellant's counsel informing the court they had no questions, and that they did "not care to cross-examine him (Dr. Rice) or otherwise." Thereafter, at the appellant's request, Dr. Rice appears to have been required to remain in the courtroom in the event the appellant wished to call him later, but he was not thereafter called.

It was not necessary to the reservation of a question by the appellant that he makes an offer to prove. The rule in Indiana is that to save an exception to a refusal to allow a question to be answered counsel must, on objection, state what they expect to prove by it, *Hinshaw* v. *State* (1897), 147 Ind. 334, 47 N. E. 157, but where the question involves the right of a witness to testify at all, the party offering him is not required to state what he expects to prove by such witness. *State ex rel. Steigerwald* v. *Thomas* (1887), 111 Ind. 515, 13 N. E. 35, 60 Am. Rep. 720. Trial courts should allow attorneys a wide latitude in making a record. Had the appellant informed the court that he wished to state generally what he expected to prove by this witness, as bearing upon the subject of the competency of the witness, we think he should have been permitted to do so, for while it seems most improbable on the record before us, it is not inconceivable that a defendant might wish to interrogate such a witness upon a subject wholly unrelated to the examination he had made of the defendant under appointment by the court.

The question before us is said to involve the refusal of the court to permit Dr. Rice to testify, but he did in fact testify, and it seems to us to be a question concerning the order of proof, which is generally within the sound discretion of the

trial court. *Dixon* v. *State* (1945), 223 Ind. 521, 528, 62 N. E. 2d 629; Underhills Crim. Ev., 4th Ed., §484, p. 996; Wharton's Crim. Ev., 11th Ed., Vol. 3, §1266, p. 2133.

The statute (§9-1702) contemplates that the medical experts appointed by the court shall be disinterested witnesses. It is provided that their testimony shall follow, or in other words come after and not during the introduction of evidence by the state and the defense. It appears from this record that Dr. Rice had never been contacted or employed by the defense as an expert, and if such had been the case, he probably could not have qualified as a disinterested physician. No constitutional question has been presented or suggested and none is decided. We believe it is the clear intent of the statute that an expert appointed by the court shall not be permitted to testify on the subject of the sanity or insanity of the accused until after the presentation of the evidence of the prosecution and the defense.

But laying that aside we could still find no error in the regard under consideration. The appellant was given ample opportunity to interrogate the witness, but absolutely refused to do so by way of cross-examination, or otherwise. We cannot agree with appellant that this court should assume that he had in mind some specific evidence which could only be developed on direct examination. If such were the case we should be made aware of it. The appellant has not pointed out how he could conceivably have been harmed by the action of the trial court. The record demonstrates none and we know of none.

Before the appellant would be entitled to a reversal it would be incumbent upon him to show affirmatively

by the record that there was error prejudicial to his substantial rights. *Pitts* v. *State* (1939), 216 Ind. 168, 23 N. E. 2d 673, 674; *Hansbrough* v. *State* (1950), 228 Ind. 688, 94 N. E. 2d 534. Technical errors or defects which do not prejudice a defendant's rights will not work a reversal. Burns' 1942 Repl., §9-2320.

Judgment affirmed.

Flanagan, C. J., Bobbitt, Emmert and Gilkison, JJ., concur.

NOTE.—Reported in 122 N. E. 2d 340.