HILTON RICHARD, JR. *v.* STATE OF INDIANA.

[No. 873S148. Filed November 27, 1974. Rehearing denied February 3, 1975.]

*John J. Sweeney, Sweeney, Fox, Sweeney, Winski & Dabagia,* of Michigan City, for appellant.

*Theodore L. Sendak,* Attorney General, *John H. Meyers,* Deputy Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant) was charged with murder in the first degree, murder in the second degree and voluntary manslaughter. He was convicted by jury of murder in the second degree and sentenced to imprisonment for an indeterminate term of fifteen (15) to twenty-five (25) years. His appeal presents four issues.

(1) The constitutionality of Acts of 1905, ch. 169, § 264, also being Burns Ind. Stat. § 9-1809, and IC 35-1-37-3, which authorizes the jury to view the place in which any material fact occurred with the consent of all parties.

(2) The legality of permitting defendant's wife to testify to conversations allegedly within the marital privilege.

(3) The legality of the giving of an instruction on "flight," it being alleged that there was no evidence of flight presented.

(4) The sufficiency of the evidence to support the verdict.

\* \* \*

ISSUE I. The defendant moved to have the jury view the scene of the crime, and the court denied motion by reason of the statute, which provides:

"9-1809. Inspection of place.—Whenever, in the opinion of the court and with the consent of all the parties, it is proper for the jury to have a view of the place in which any material fact occurred, it may order them to be conducted in a body, under the charge of an officer, to the place, which shall be shown to them by some person appointed by the court for that purpose. While the jury are thus absent, no person, other than the officer and the person appointed to show them the place, shall speak to them on any subject connected with the trial. [Acts 1905, ch. 169, § 264, p. 584.]"

It is the defendant's contention that the statute is an unconstitutional legislative encroachment upon an inherently judicial function and denied the defendant a fair trial.

This Court has previously questioned the right of the Legislature to impose this statute upon the courts. *Robinson* v. *State* (1973), 260 Ind. 517, 297 N.E.2d 409, 412. However, in that case, we also indicated a reluctance to abrogate it retrospectively. By acquiescence in its proscriptions, we have impliedly adopted it as a trial rule. We further expressed a special reluctance to strike it down retrospectively in that particular case, where the effect would have been to deny a new trial to one convicted under highly suspect circumstances. We are just as reluctant to strike it down under the circumstances of this case, where the effect would be to require a new trial to one convicted by substantial and persuasive evidence and with no indication that a view of the scene would have altered the result.

The defendant asserts that his right to a fair trial is a substantive right, guaranteed by the Indiana Constitution and that the General Assembly has denied him that right by encroaching upon the courts' inherent power to order a jury view, while at the same time acknowledging that whether or not to permit such a view is the prerogative of the court. That the defendant had a substantive right to a fair trial is not questioned, but the court can no more deny that right than can the Legislature. The basic question then is whether or not a defendant in a criminal action has a substantive right to have the jury view the scene. This can be answered in the affirmative only if we can say that a view is essential to a fair trial. We believe that it is not and have been cited to no authority to the contrary. Although we have declared that the rule was illegitimately begotten, we have thus far recognized it as our own. *Robinson v. State, supra; Shular v. State* (1886), 105 Ind. 289, 4 N.E. 870; *Barber v. State* (1927), 199 Ind. 146, 155 N.E. 819.

ISSUE II. Defendant and his wife were separated. On the day of the crime, he telephoned her and told her that if the decedent did not leave him alone, he would blow his head off and that she should relay this information to the decedent. When asked about this conversation at the trial, she refused to answer, claiming the marital privilege, but the defendant interposed no objection. The court ordered her to answer, which she did, and he urges this as error.

Although spouses were once precluded from testifying for or against each other and were thus incompetent, under our statute, the matter is both one of privilege and one applying only to confidential communications gained by reason of the marital relationship. *Shepherd v. State* (1971), 257 Ind. 229, 277 N.E.2d 165, 166-167. Being a matter of privilege, it is subject to waiver. Having failed to object at the trial, the error, if any, was waived. Subject to limited exceptions with which we are not here concerned, error not objected to at the trial will not be

reviewed on appeal. *Beck* v. *State* (1974), 261 Ind. 616, 308 N.E.2d 697; *McMinoway* v. *State* (1973), 260 Ind. 241, 294 N.E.2d 803; *Webb* v. *State* (1972), 259 Ind. 101, 284 N.E.2d 812.

Inasmuch as the defendant asked the witness, his wife, to communicate the message to the decedent, it also appears that it was not a confidential communication gained by reason of the marital relationship.

ISSUE III. The trial court gave an instruction to the jury advising that they could consider evidence of the defendant's flight as evidence of his guilt. He objected to this instruction upon the grounds that there was no evidence to which it was applicable. An eye witness testified that she saw the defendant shoot the decedent and run across a vacant lot. The following day, defendant was arrested as he was boarding a commuter train leaving the city where the killing had occurred. As to the flight from the scene of the crime, the defendant denied that he was the person seen. As to the departure from the city on the following day, he testified that he was merely going to a neighboring city to visit members of his family and to attend a funeral. The jury was justified in drawing an inference from the above related evidence that the defendant was fleeing. Accordingly, the instruction was not improper. *Wright* v. *State* (1972), 259 Ind. 197, 285 N.E.2d 650, 654.

ISSUE IV. It is not necessary to relate all of the evidence to demonstrate that the defendant's insufficiency contention is without merit. An eye witness, whose credibility was attacked by the defendant, testified that she saw the defendant confront the decedent as he approached the house where the defendant's wife resided with her parents. The witness also testified that the defendant instructed the decedent to turn around and to go away, and that as the decedent turned and walked away, the defendant shot him in the back of the head with a sawed-off shotgun.

Shortly before the shooting, the defendant visited the home of his wife's brother. He had with him a sawed-off shotgun. At the time of his arrest, the following day, he had with him a sawed-off shotgun wrapped in a towel.

The defendant's testimony refuted the aforementioned incriminating evidence, but the jury elected to disbelieve him. His argument here seeks to have us reweigh the evidence, which we cannot do. He contends that the testimony of the eye witness is so lacking in credibility as to have no probative value. It is settled that the trier of facts is the sole judge of the weight of the evidence and the credibility of the witnesses. *Brown* v. *State* (1974), 261 Ind. 619, 308 N.E.2d 699; *Turner* v. *State* (1972), 259 Ind. 344, 287 N.E.2d 339; *Fuller* v. *State* (1971), 256 Ind. 681, 271 N.E.2d 720.

We find no reversible error, and the judgment of the trial court is affirmed.

Arterburn, C.J. and DeBruler, Givan and Hunter, JJ., concur.

NOTE.—Reported at 319 N.E.2d 118.