DAVID LEE CISSNA *v.* STATE OF INDIANA.

[No. 1-476A60. Filed August 25, 1976. Rehearing denied September 30, 1976. Transfer denied December 13, 1976.]

*John D. Clouse,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *Elmer Lloyd Whitmer,* Deputy Attorney General, for appellee.

ROBERTSON, C.J.—David Lee Cissna is appealing his conviction by a jury of entering to commit a felony. None of the

issues raised presents reversible error, and we accordingly affirm.

The facts show that Ralph Williams lived approximately 150 to 300 yards from the railroad tracks in Vanderburgh County. On July 10, 1975, at approximately 4:20 P.M., he observed two people breaking into a railroad car that was standing on the tracks. He notified the police who arrived at the scene within four or five minutes. One of the officers, Steven Cain, testified that he drove along the tracks and approached the railroad car that was being entered. As soon as he stopped his car, he got out and observed the defendant, David Cissna, peering at him from beneath the railroad car. Cissna and two companions turned and fled. At this time, Officer Cain radioed a description of the subjects, and within fifteen minutes Cissna was apprehended and returned to the scene.

Officer Scales testified that he was called to investigate a crime occurring at an L & N boxcar in Vanderburgh County. He arrived at the scene, observed that the car broken into contained boxes marked "Color TV's", and noticed that one of the boxes behind the door that had been broken open was slanted at an angle as if it had been shifted prior to being removed.

Cissna argues first that the trial court committed reversible error when it allowed the State to violate a voir dire order. On November 7, 1975 the trial judge ordered both parties to comply with certain prerequisites relating to voir dire. The order required both parties to file with the court certain specifications relating to the questions that they would ask the jurors prior to being sworn. On November 12, 1975, defendant, by his attorney, complied with the voir dire order. The State failed to comply with the order, and the defendant strenuously objected throughout the remainder of the proceedings.

The purpose of voir dire is to determine whether a prospective juror is able to deliberate fairly on the issue of guilt,

*Lamb* v. *State* (1976), 264 Ind. 563, 348 N.E.2d 1, and a trial judge has wide discretion in conducting voir dire. *White* v. *State* (1975), 263 Ind. 302, 330 N.E.2d 84. When an act has been committed to the trial court's discretion, it will be reversed only upon a showing of a manifest abuse of such discretion and a denial to the complaining party of a fair trial. *Muehlman* v. *Keilman* (1971), 257 Ind. 100, 272 N.E.2d 591. Cissna has failed to show how he was denied a fair trial or how the purpose of voir dire was thwarted.

The next allegation of error is that the trial court, over the objection of Cissna, permitted Cissna's mother to testify. Specifically, Cissna alleges that the error is reversible because, if there is not at present, there should be a parent-child privilege. IC 34-1-14-5 (Burns Code Ed. 1974), grants an evidentiary privilege to persons insane at the time they are offered as witnesses, children under 10, attorneys, physicians, clergymen, and spouses. Reporters have a privilege not to be compelled to disclose any source of information procured or obtained in the course of employment. IC 34-3-5-1 (Burns Code Ed. 1974). Counselors duly appointed as such in any public school system are immune from disclosing any privileged or confidential communication made to such counselor by a pupil. IC 20-6-20-2 (Burns Code Ed. 1974). Likewise, a certified public accountant is granted a privilege as to information derived from or as the result of professional services rendered by him. IC 25-2-1-23 (Burns Code Ed. 1974). A probation officer has a conditional privilege with respect to information obtained by him in the course of his employment. IC 33-12-2-22 (Burns Code Ed. 1974). Lastly, a registered psychologist is absolutely prohibited from revealing information acquired by him in the course of his professional capacity, except under specific and limited circumstances. IC 25-33-1-17 (Burns Code Ed. 1974).

There is no such privilege conferred upon the parent-child relationship. Cissna cites no authority (except "Natural Law")

for the proposition that there is or should be such a privilege. In the absence of such authority, it would be presumptuous for this court to proclaim the privilege extant in the State of Indiana.

Cissna next argues that he should have been read his *Miranda* rights, *Miranda* v. *State of Arizona* (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, by a police officer who made initial contact with him far from the scene of the crime. Officer Rex Dendinger responded to the radioed description of a suspect wanted for a possible breaking and entering on July 10, 1975. Officer Dendinger headed in the direction in which the suspect was said to have gone and was approximately 700 yards from the railroad tracks when he espied Cissna. Cissna approached the officer. Officer Dendinger testified that he asked Cissna for his identification and then asked him what he was doing in the woods.

It was at this point that counsel for Cissna objected, claiming that *Miranda* rights should have been given to Cissna.

*Dillon* v. *State* (1971), 257 Ind. 412, 275 N.E.2d 312, held that a police chief who investigated a person on the street as to the circumstances surrounding a possible crime was not within the ambit of *Miranda*. The facts of the *Dillon* case are sufficiently similiar to the instant facts to dispose of the present issue. A significant distinction between *Dillon* and the case at bar is that the police chief in *Dillion* asked of a pedestrian whether or not the pedestrian had in his possession the fruits of a crime, whereas here Officer Dendringer asked of Cissna only what he was doing and what his name was. It would seem that the facts in *Dillon* would warrant *Miranda* warnings more than would the present facts in light of the incriminating nature of an answer in *Dillon*. This issue does not therefore present us with reversible error.

Cissna was charged with entering to commit a felony, IC 35-13-4-5 (Burns Code Ed. 1974). It is argued that malicious trespass should have been included in the jury instructions as a lesser included offense of entering to commit a felony.

*Cook* v. *State* (1972), 258 Ind. 667, 284 N.E.2d 81, specifically held that malicious trespass was not a lesser included offense of second degree burglary. Therefore, in the *Cook* case, the court held that the defendant was not entitled to an instruction regarding the alleged lesser included offense. Since entering to commit a felony is a lesser included offense of second degree burglary. *Freeman* v. *State,* (1967), 249 Ind. 211, 231 N.E.2d 246, it is logically impossible that malicious trespass could be a lesser included offense of entering to commit a felony. The test of determining whether a particular offense is a lesser included offense is that the lesser offense must be such that it is impossible to commit the greater offense without having first committed the lesser offense. *Nye* v. *State* (1971), 256 Ind. 219, 267 N.E.2d 842. If malicious trespass is therefore held to be a lesser included offense of entering to commit a felony, it will be in direct contravention of the *Cook* holding, since it will therefore, also mean that malicious trespass must be a lesser included offense of second degree burglary. Cissna therefore was not entitled to an instruction on malicious trespass as a lesser included offense of entering to commit a felony.

The trial court gave the following instruction tendered by the State:

> "The flight of a person immediately after the commission of the crime with which he is charged, if there was such flight, is a circumstance which may be considered by you in connection with all the other evidence to aid you in determining his guilt or innocence."

Irrespective of any language in *Fisher* v. *State* (1973), 259 Ind. 633, 291 N.E.2d 76, to the effect that instructions concerning flight or lack of flight should be discouraged, a more recent and preferable case is *Richard* v. *State* (1974), 262 Ind. 534, 319 N.E.2d 118. In *Richard* an instruction on flight was approved by the Indiana Supreme Court, which held that such an instruction was justified in light of testimony by an eyewitness that she saw the defendant fleeing. Similar cir-

cumstances exist here since Officer Cain testified that he saw Cissna flee.

It is next argued that the court erred in refusing to give one of Cissna's tendered instructions which read as follows:

> "I instruct you that if there is a conflict of evidence, and you cannot determine the fact in your own minds from the evidence, then you should give the benefit of the doubt to the defendant. Therefore, if the evidence in this case, on any material point necessary to the conviction, is so conflicting that you cannot determine whether he is guilty or innocent, you should give the defendant the benefit of the doubt."

Another instruction by the court stated . . . "It is your duty to reconcile all of the statements of witnesses on the theory that defendant is innocent, if you can. If you cannot reconcile the statements of witnesses on account of contradictions, then you have a right to believe the witness or witnesses you deem most worthy of credit and disbelieve the witness or witnesses whom you believe least worthy of credit."

The instruction given by the court is copied from the instruction approved in *Smith* v. *State* (1968), 250 Ind. 125, 235 N.E.2d 177. In any event, the subject matter of the tendered instruction was adequately covered by the instruction given by the court. The refusal of an instruction is not grounds for reversal if the substance thereof is covered by other instructions. *Lewis* v. *State* (1976), 264 Ind. 288, 342 N.E.2d 859; *Lolla* v. *State* (1973), 260 Ind. 221, 294 N.E.2d 798.

The last issue presented by Cissna concerns the sufficiency of the evidence. Cissna contends that there was no evidence that any of the three accomplices to the crime entered the railroad car. However, a person has entered a structure when he has essentially put himself in a position to commit a felony within the confines of the structure. *Penman* v. *State* (1975), 163 Ind. App. 583, 325 N.E.2d 478. While there was no evidence that any of the three actually placed his entire person within the railroad car, there was evidence that the three had placed

themselves in a position to commit a felony within the confines of the railroad car. The evidence is undisputed that Cissna and his accomplices broke open a railroad car, moved one of the boxes on the railroad car, and, upon being discovered, fled the scene. This is sufficient evidence to support a conviction of entering to commit a felony. *See: Wojcik* v. *State* (1965), 246 Ind. 257, 204 N.E.2d 866.

In conclusion, Cissna fails to present to this court any reversible error, and therefore the conviction and judgment of the trial court below should be, and is hereby,

Affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 352 N.E.2d 793.