Clyde Loyd PHELAN, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 279S55.

Supreme Court of Indiana.

June 26, 1980.

Bruce S. Cowen, Deputy Public Defender, Fort Wayne, for appellant.

Theodore L. Sendak, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

This is an appeal from a conviction of two counts of Murder in the First Degree. Ind. Code § 35–13–4–1 (Burns 1975). Defendant (Appellant) raises the following issues for our consideration:

(1) Whether the trial court committed reversible error by allowing a court-appointed physician to testify during the State's case in chief.

(2) Whether the Defendant's right against compulsory self-incrimination was violated when court-appointed physicians were allowed to testify to incriminating statements made by him during compulsory psychiatric examinations.

(3) Whether the trial court committed reversible error by admitting into evidence items seized pursuant to the execution of a search warrant.

On April 17, 1977, Defendant's parents were murdered in their Ft. Wayne apartment. On June 21, 1977, Defendant was indicted for those murders. He subsequently pled not guilty by reason of insanity, and pursuant to Ind.Code § 35–5–2–2 (Burns 1975), the trial court appointed three competent and disinterested physicians to examine the Defendant. Thereafter, trial was had to the court, a jury trial having been waived. The Defendant was found guilty on both counts and sentenced to life imprisonment. We affirm.

\* \* \* \* \* \*

## ISSUE I

■ Immediately prior to the close of the State's case in chief, two of the court-appointed physicians were called to the stand, as a matter of accommodation to them. The Defendant objected to the calling of the first physician, on the grounds that the physician's testimony would violate the Defendant's doctor-patient privilege and that such irregular order of proof was in derogation of Ind.Code § 35–5–2–2 (Burns 1975), as construed by our decision in *Henderson v. State*, (1954) 233 Ind. 598, 122 N.E.2d 340.

This court has repeatedly held that a Defendant who pleads not guilty by reason of insanity waives the doctor-patient privilege as to all physicians who might testify at trial. *See, e. g., Bailey v. State*, (1976) 264 Ind. 505, 346 N.E.2d 741; *Lockridge v. State*, (1975) 263 Ind. 678, 338 N.E.2d 275; *Summerlin v. State*, (1971) 256 Ind. 652, 271 N.E.2d 411.

Ind.Code § 35–5–2–2 (Burns 1975) provides:

At the trial of such cause, evidence may be introduced to prove the defendant's present sanity or insanity, or his sanity or insanity at the time at which he is alleged to have committed the act charged in the indictment or information. When an insanity defense is pleaded, the court shall appoint two [2], or three [3], competent disinterested physicians to examine the defendant, and to testify at the trial. *Such testimony shall follow the presentation of the evidence for the prosecution and for the defense*, including testimony of medical experts employed by the state and by the defense, if any. The medical witnesses appointed by the court may be cross-examined by both the prosecution and the defense, and each side may introduce evidence in rebuttal to the testimony of such medical witnesses. (Emphasis added)

Thus, the trial court erred in allowing the court-appointed physician to testify during the State's case in chief over the Defendant's objection. *See Henderson v. State*, (1954) 233 Ind. 598, 122 N.E.2d 340. However, we do not believe that it prejudiced the Defendant in this case. "The mere fact that the evidence presented out of order was not in defendant's favor is insufficient to make out a case of prejudicial error." *Blackburn v. State*, (1973) 260 Ind. 5, 25, 291 N.E.2d 686, 698, *appeal dismissed*, 412 U.S. 925, 93 S.Ct. 2755, 37 L.Ed.2d 152. The record and the Defendant's brief fail to show how his substantial rights were prejudiced by this irregularity.

■ The Defendant also contends that the State was required to establish that he committed the criminal acts without the aid of the court-appointed witnesses. We need not address the merits of this contention, as disregarding the testimony of the physicians, the evidence was sufficient to support a finding, beyond a reasonable doubt, that the Defendant committed the criminal acts. The evidence favorable to the State, and the reasonable inferences to be drawn therefrom, disclosed that the Defendant resided with his parents at all pertinent times; that he argued with his parents not only prior to the night of the murders, but also on the night of the murders; that his voice emanated from the apartment immediately following "loud noises" on the night of the murders; that the murder weapon was a shotgun; that the Defendant had owned a shotgun in the past and that he was familiar with its workings; that the Defendant was in the apartment complex

on at least one occasion between the night of the murders and the day the victims' bodies were discovered (five days later); and that the Defendant spent two of those five nights in a motel, registered under his father's name. Thus, discounting the physicians' testimony, there was substantial evidence that the Defendant did commit the homicides.

## ISSUE II

■ Although we have not previously determined the admissibility of incriminating remarks made to a physician during a compulsory psychiatric examination, other courts have determined that resolution of the issue hinges upon the purpose for which the evidence is offered. If it was offered to demonstrate the mental condition of the Defendant, then it should be admitted. *Gibson v. Zahradnick*, (4th Cir. 1978) 581 F.2d 75, *cert. den.*, 439 U.S. 996, 99 S.Ct. 597, 58 L.Ed.2d 669; *United States v. Bohle*, (7th Cir. 1971) 445 F.2d 54, 66–67; *Collins v. Auger*, (S.D.Iowa 1977) 428 F.Supp. 1079, 1082. On the other hand, if the remarks are offered to demonstrate the guilt of the Defendant, then they should not be admitted, over a proper objection. *Gibson; Bohle; Collins, supra. Contra, People v. DiPiazza*, (1969) 24 N.Y.2d 342, 248 N.E.2d 412, 300 N.Y.S.2d 545; *Gibson v. Commonwealth*, (1975) 216 Va. 412, 219 S.E.2d 845, *rev'd sub nom. Gibson v. Zahradnick, supra.* In the case before us, no objection was lodged. However, even if an objection had been made, the testimony was, nevertheless, admissible as pertaining to the Defendant's mental condition.

■ The crucial problem lies in the fact that the incriminating remarks often bear upon the Defendant's guilt as well as his mental condition. Because of this, some courts have suggested a bifurcated proceeding or some sort of sequential order of proof. *E. g., Collins*, 428 F.Supp. at 1084; *State v. Collins*, (Iowa 1975) 236 N.W.2d 376, 383 (Rawlings, J., concurring), *cert. den.*, 426 U.S. 948, 96 S.Ct. 3166, 49 L.Ed.2d 1184, *rev'd. sub nom. Collins v. Auger, supra.* Another alternative is the use of

strong and clear admonitions and instructions to the jury that it is not to consider the statements as evidence of the Defendant's guilt. *See Gibson*, 581 F.2d at 79. However, at least one court, *Collins*, 428 F.Supp. at 1084, has questioned the adequacy of such an alternative in light of the highly incriminating nature of the Defendant's statements. *See also State v. Collins*, 236 N.W.2d at 381 (Rawlings, J., concurring). Because this was a bench trial, we are not confronted with the dilemma. In all nonjury, criminal trials, there is a presumption that the court considered only competent evidence in reaching its judgment. *Ottman v. State*, (1979) Ind., 397 N.E.2d 273, 275–76; *Kleinrichert v. State*, (1973) 260 Ind. 537, 542, 297 N.E.2d 822, 826; *Trinkle v. State*, (1972) 259 Ind. 114, 120, 284 N.E.2d 816, 819. *See Misenheimer v. State*, (1978) Ind., 374 N.E.2d 523, 528. Because the incriminating statements were admissible as relevant to the Defendant's mental condition and because the other evidence clearly demonstrated the Defendant's commission of the criminal acts, we see no basis for departing from that presumption in this case.

## ISSUE III

■ At trial, the State offered a search warrant and items seized pursuant thereto. Defendant objected in a general manner, implicitly contending that the supporting affidavit contained information known by the affiant to be false. Defendant now also contends that the affidavit did not allege facts constituting probable cause. With regard to this second contention, a Defendant may not state one reason for an objection at trial and then rely upon another on appeal. The latter reason is deemed waived, as it was not properly brought to the trial court's attention. *Bell v. State*, (1977) 267 Ind. 1, 366 N.E.2d 1156.

■ Assuming that the Defendant had objected at trial upon the grounds now urged on appeal, i. e. that the search warrant had been issued upon an affidavit containing information known by the affiant to be false, we nonetheless perceive no error.

In order for the Defendant to prevail on such an issue, he must first show that a relevant matter, as enumerated in the affidavit, was untrue. *See United States v. DiNovo*, (7th Cir. 1975) 523 F.2d 197; *cert. den.*, 423 U.S. 1016, 96 S.Ct. 449, 46 L.Ed.2d 387; *United States v. Carmichael*, (7th Cir. 1973) 489 F.2d 983; *Potter v. State*, (1979) Ind.App., 385 N.E.2d 955. In this case, we are not convinced that the matter challenged was, in fact, untrue.

There being no reversible error, the judgment is affirmed.

GIVAN, C. J., and HUNTER and PIVARNIK, JJ., concur.

DeBRULER, J., concurs in result.