**Maurice Kermit PARRISH, and Fleta Quindera Parrish, Appellants (Defendants Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 1–583A158.

Court of Appeals of Indiana, First District.

Feb. 1, 1984.

Rehearing Denied March 6, 1984.

Paul J. Watts, Spencer, for appellants.

Linley E. Pearson, Atty. Gen. of Indiana, Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

Maurice Kermit Parrish and his mother, Fleta Quindera Parrish, appeal the verdicts convicting them of neglect of Orie B. Parrish, who was Fleta's husband and Kermit's father. Fleta was found guilty of nonsupport of a spouse, IND.CODE 35–46–1–6, and Kermit was convicted of neglect of a dependent, IND.CODE 35–46–1–4(a).

We affirm.

The facts reveal that Orie, an eighty year old male, lived with his wife of fifty-five years, Fleta, who was seventy-eight, and their fifty-four year old son, Kermit. They had resided on a farm in Owen County for forty-nine years. On January 11, 1982, Kermit called the county coroner to inform him that Orie had died.

The Parrishes gave statements to the police admitting that they had confined Orie to a portion of the house for approximately eight years. The room was without heat and for several days prior to Orie's death, the temperature was well below freezing. Orie had not received medical attention for one year. It was also admitted that Orie had attempted to escape from his room, but had been forcibly restrained by Kermit. The Parrishes explained that they believed Orie was crazy and therefore, locked him in a portion of the house.

The autopsy revealed Orie had suffered several fractured ribs and contusions to the head. His death resulted from a rupture

of the thoracic aorta. Malnutrition and physical neglect were contributing factors.

The Parrishes were charged with criminal confinement as well as neglect. The Parrishes moved to dismiss the confinement charges, but the motions were overruled. The jury returned guilty verdicts on the confinement charges as well as the neglect charges. The trial court later granted the Parrishes' motion for a directed verdict and dismissed the confinement charges.

The first issue the Parrishes raise is whether the trial court erred in refusing to grant their motion to dismiss. Although they have raised this issue several times, we shall discuss it only once. The Parrishes allege that the State's joinder of the confinement and neglect counts constituted an unconstitutional shifting of the burden of proof because it is a defense to confinement that the victim was a dependent and that dependency is also an element of the crime of neglect. Thus, the Parrishes argue that in defending the confinement charge, by showing that Orie was a dependent, they were forced to present evidence against themselves on the neglect counts.

The State argues that the Parrishes have waived this argument by failing to challenge the constitutionality of the statute prior to arraignment. We do not hold this issue to be waived on these grounds because the Parrishes are not challenging the statutes themselves, but rather the joinder of the offenses[1]. The Parrishes argue that the offenses are inconsistent and should not have been tried together.

■ We do not find the joining of the offenses to be logically inconsistent in that if Orie had not been a dependent, then the evidence indicates the Parrishes would have been guilty of confinement. We find the Parrishes have failed to preserve this issue because they did not move to sever the offenses even though the prosecutor

suggested this remedy during a hearing on their motion to dismiss. The alleged unconstitutionality arose out of the combining of the offenses and not as a result of individual defects in the statutes. The right to severance of offenses is waived by the failure to make a timely motion. IND. CODE 35-34-1-12; *Anderson v. State*, (1982) Ind., 431 N.E.2d 777. The Parrishes failed to avail themselves of this remedy.

The next issue the Parrishes raise is whether the trial court erred in allowing exhibits into evidence which depicted postmortem injuries and other photographs taken during the autopsy. One of the exhibits was a photograph of Orie that showed his nose and one of his eyelids had been devoured by rodents, thus, it portrayed a very disfigured victim. Other photographs taken during Orie's autopsy depicted the fractures of his ribs. The Parrishes argue the gruesome nature of these photographs was so inflammatory that their trial was unduly prejudiced.

■ The trial court is vested with wide latitude in determining the probative value of evidence vis-a-vis its prejudicial impact. Relevant evidence, consisting of that evidence which logically tends to prove a material fact, is not rendered inadmissible because it is gruesome. However, where the relevancy and materiality of a photograph is minimal and the prejudice to the defense is great, the photograph should not be admitted. *Chittenden v. State*, (1982) Ind., 436 N.E.2d 86.

■ Photographs are relevant if they depict objects of scenes that a witness would be permitted to describe verbally. If a photograph is relevant, then only if its tendency to inflame the passions of the jury due to its gruesomeness clearly outweighs its relevancy does its admission into evidence constitute reversible error. *Brown v. State*, (1983) Ind., 448 N.E.2d 10. The admission of photographic evidence is within the sound discretionary ambit of the trial court and will not be disturbed absent

---

**1.** If the Parrishes were challenging the statutes themselves, they would have not preserved the issue because of their failure to comply with IND.CODE 35-34-1-4. Moreover, the issue of

the unconstitutionality of the confinement charge would be moot because it was subsequently dismissed.

an abuse of that discretion. *Hope v. State,* (1982) Ind., 438 N.E.2d 273.

■ The Parrishes argue the inflammatory nature of the photographs clearly outweighed its relevancy. We disagree with this argument. The coroner and the police could have certainly described the condition in which they found Orie, thus, they could describe the post-mortem disfigurement. Moreover, this photograph, although obviously gruesome, was also relevant to establish the unsanitary conditions and existence of rodents in the area in which Orie was confined. The photograph was also used to identify Orie as the victim. The autopsy photographs depicting his fractured ribs were also relevant to show the lack of medical attention and tended to show the force used to keep Orie confined may have been excessive. These photographs were relevant to the neglect charge. We remain unpersuaded that the trial court abused its discretion in admitting these photographs into evidence.

■ The Parrishes also argue the trial court's failure to dismiss the confinement counts violated their due process rights because the State was allowed to submit prejudicial evidence. The Parrishes correctly assert that the trial court erred in refusing to grant their motion to dismiss the confinement charges, but we must note that the trial court corrected this error by granting the directed verdicts regarding these counts. The Parrishes have failed to point out and we fail to see what prejudice could have resulted from the admission of the evidence of confinement because this evidence was also extremely relevant to prove the elements of neglect.[2] Any error which may have resulted from the failure to dismiss the confinement counts prior to trial would be harmless since the evidence was admissible to prove the other counts.

■ The Parrishes also allege the informations failed to adequately inform them of the nature of the charges. The essence of this issue is that their affirmative defense to confinement constituted an essential element of the neglect and non-support counts such that they were prevented from establishing a defense. As we held previously, the Parrishes should have moved to sever the offenses. The informations were sufficient.

■ The final argument raised by the Parrishes is whether the trial court erred in refusing to give their instructions regarding the right to confine a dependent and legal authority. Whatever error, if any, which may have resulted from the trial court's refusal to read these instructions is clearly harmless error in light of subsequent granting of a directed verdict on the charge of confinement.

The judgment is affirmed.

NEAL, P.J., and RATLIFF, J., concur.

---

**2.** I.C. 35–46–1–4(a) provides:
   (A) A person having the care, custody or control of a dependent who knowingly or intentionally:
    (1) places the dependent in a situation that may endanger his life or health;

(2) abandons or cruelly confines the dependent;
   (3) deprives the dependent of necessary support;
commits neglect of dependent, a Class D felony.