**Randy HOEHN, Appellant
(Defendant Below),**

v.

**STATE of Indiana, Appellee
(Plaintiff Below).**

No. 1–784 A 189.

Court of Appeals of Indiana,
First District.

Dec. 19, 1984.
Rehearing Denied Feb. 4, 1985.

David W. Lamont, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

Randy Hoehn (Hoehn) appeals the decision of the Posey County Court finding him guilty of child molesting in violation of IND.CODE 35–42–4–3(d).

We affirm.

The facts most favorable to the judgment show that appellant Hoehn was twenty-five years old at the time of the incident, that he owned an arcade and bait shop, and that he had a friendship with the twelve-year old victim who frequented the establishment to play video games. In May or June, 1983, Hoehn had the victim spend the night with him at his sister's trailer. During the night, Hoehn supposedly put his hand down the victim's underwear and touched his penis. The victim testified that this was not the first time Hoehn had done such a thing, for he had put his hand down the victim's pants and touched his penis on two prior occasions as well.

On appeal, Hoehn raises several issues for review, the first of which is that the trial court erred in denying his motion to dismiss on the basis that the information insufficiently alleged the date of the offense.

The information filed by the State alleged the date of the offense as May or June, 1983. IND.CODE 35–34–1–5(a) clearly states that an information may not be dismissed for failure to specifically state the time of the offense, "where time ... is not of the essence of the offense ..." In this case, time was not of the essence, that is, it was not an element of the offense. The date of the offense was stated as having occurred within the period of limitations and as definitely as could be done. See, Merry v. State, (1975) 166 Ind.App. 199, 335 N.E.2d 249. The victim testified that school had been let out in May or June and about a week later he had gone to a party at Hoehn's arcade. A few days later he spent the night with Hoehn and then a little bit later he spent the night again and the incident occurred. The victim pinpointed the time as well as he could and the State is only required to set forth the time

with such reasonable specificity as the circumstances and evidence permit.[1] Consequently, the court did not err in overruling the motion to dismiss.

■ Secondly, Hoehn argues that certain testimony and photographs should have been excluded from evidence as it was too remote in time, irrelevant, and inflamed the passions of the jury. The evidence he objects to was as follows:

1) Testimony by the victim, Gunter, that he observed Hoehn put his hand down the pants of a three or four-year old boy.

2) Testimony by Hoehn's former wife that on their wedding night a seven-year old boy slept with them in their bed and that the next morning Hoehn told his wife that sexual intercourse with her the night before had been "special" because he had held the boy's hand.

3) Testimony by fourteen-year old Mike Creek that Hoehn had grabbed his "privates", as well as pinned him down, unzipped his pants, and held ice on his "privates" on several prior occasions.

4) Photographs of a seven-year old friend, one of which depicted him with an erection.

*Grey v. State*, (1980) 273 Ind. 439, 404 N.E.2d 1348, 1352 has succintly set forth the rule in Indiana regarding this issue:

The general rule in Indiana for the admission of evidence of separate, independent, and distinct crimes to establish guilt of an accused is that such evidence is inadmissible except where relevant to show intent, motive, purpose, identification, and common scheme or plan. (citations) However, this Court has carved an exception for those acts involving or showing a "depraved sexual instinct". (Citations). The basis for this exception is that in prosecutions for depraved acts * * * the prosecuting witness is not likely to be believed, since the evidence "standing alone and entirely unconnected with anything which led to or brought it about, would appear * * * unnatural or

improbable in itself". (Citations) Thus, the evidence lends credence to the testimony of the prosecution that might otherwise be disbelieved. (Citations).

The court went on to state that the remoteness of the evidence did not render it inadmissible, but rather went to the weight of the evidence.

Here, the objected to evidence depicted Hoehn engaged in similar acts of sexual "touching". It was thus relevant in showing a depraved sexual instinct in that it suggested Hoehn was sexually infatuated with young boys. The evidence was clearly related to the alleged offense and relevant toward substantiating the testimony of the victim. We believe the evidence falls squarely within the above exception and was therefore admissible. *See also, Montgomery v. State*, (1980) 274 Ind. 544, 412 N.E.2d 793 (The supreme court of this state has indicated that evidence of prior sexual acts of a defendant to show a depraved sexual instinct must involve similar offenses.)

■ Hoehn also contends that the photographs were admitted upon an improper foundation. A photograph is relevant if a witness is permitted to virtually describe that which the picture depicts. *Murphy v. State*, (1977) 267 Ind. 184, 369 N.E.2d 411. Norma Sue Powell testified that she knew the photograph was of John Young because she was familiar with him due to the fact he was often at their home. The admission of photographs is within the sound discretion of the trial court. *Wiles v. State*, (1982) Ind., 437 N.E.2d 35. In *Best v. State*, (1982) Ind.App., 439 N.E.2d 1361, also a child molesting case, photos of nude juvenile girls were properly admitted as showing a depraved sexual instinct. Again, this evidence falls within the above exception.

■ The next issue concerns the testimony of Hoehn's ex-wife, Norma Sue Powell. She testified about what happened on their

---

1. *See also: Bruce v. State*, (1978) 268 Ind. 180, 375 N.E.2d 1042, where the notice of alibi statute was involved and the court held that the State is only required to set forth the time with such reasonable specificates as the circumstances and evidence permit.

wedding night and that Hoehn had told her the next morning that it had been "special" because he had held the hand of a seven-year old friend who was in bed with them. At trial, Hoehn objected on the basis of remoteness, irrelevancy, and that it failed to show a depraved sexual instinct. He did not object on the basis of the husband-wife privilege. Thus, Hoehn waived any objection on this issue. *Richard v. State*, (1974) 262 Ind. 534, 319 N.E.2d 118; *Phelan v. State*, (1980) 273 Ind. 542, 406 N.E.2d 237.

Hoehn next asserts that the trial court improperly sustained the State's objections to the testimony of three defense witnesses, specifically, Jason Williams, Vivian Hoehn, and Randy Hoehn.

█ Jason Williams testified for Hoehn that he had known the victim in school and that the victim had told him and some others Hoehn had never touched him. The State objected on the grounds of hearsay after the question was asked and answered. The trial court sustained the objection but a motion to strike was not made nor did the court admonish the jury to disregard the answer. Hoehn is not entitled to reversal unless he can demonstrate that he was prejudiced by the error. *Pettit v. State*, (1979) 272 Ind. 143, 396 N.E.2d 126. Here, the jury heard Williams's testimony prior to the objection and was able to judge the credibility of the witness. Consequently, we do not feel that Hoehn was substantially prejudiced by the trial court's sustaining the objection. Furthermore, it appears that the hearsay objection was properly sustained since there was no showing that the declarant victim was still available for cross-examination. *See, Gaunt v. State*, (1983) Ind., 457 N.E.2d 211.

█ Defense counsel called Hoehn's mother to the stand and wanted to elicit testimony from her concerning the nude photo of Hoehn's seven-year old friend. Supposedly, Hoehn had told his mother the reason the friend had for having the photo taken. The statement was offered to prove the truth of the matter it contained. Clearly, this was hearsay upon hearsay and inadmissible. Furthermore, there was no showing that John Young was available for cross-examination. *See, Gaunt v. State, supra.* Thus, the exception to the general rule regarding hearsay is also inapplicable.

█ The trial court also sustained State's objection to Hoehn's testimony wherein he attempted to relate the contents of a letter he found which had been written by his ex-wife, the contents of which would have discredited her testimony. The evidence clearly constituted hearsay. The exception to the general rule is inapplicable here as well in that a proper foundation was not laid. Although Powell had been called as a witness, and was available to be called again, there was no showing of this availability and the testimony was therefore properly excluded. *See, Gaunt v. State, supra.*

Hoehn next contends that the trial court erred in denying two motions for mistrial. The first motion for a mistrial came during Hoehn's testimony regarding alleged letters written by his ex-wife which he had read. When the State objected on hearsay grounds, the prosecutor stated:

> That's simply not a proper foundation. The foundation, as we've been over before, is to confront the witness with the alleged statement and offer them an opportunity to admit or deny or explain. If they deny it, then the other side is allowed to put on a witness to testify as to the alleged statement, but you've got to offer an opportunity for the witness to respond and that's not been done in this case and I submit it's not been done because they know those statements aren't true.

Hoehn moved for a mistrial on the basis of the prosecutor's last comment which implied that both Hoehn and his counsel knew that the letters were not true.

█ Denial of a motion for mistrial rests largely within the discretion of the trial court. *Morgan v. State*, (1981) Ind., 419 N.E.2d 964. When the jury is admonished by the trial judge to disregard what has occurred at trial, or if other reasonable curative measures are taken, the court's

refusal to grant a mistrial is usually not reversible error. *Smith v. State*, (1978) 270 Ind. 1, 382 N.E.2d 937; *Tinnin v. State*, (1981) Ind., 416 N.E.2d 116.

 Here, the court denied the motion for mistrial and admonished the jury to disregard the prosecutor's comment as follows:

> Court: I'll deny your motion for mistrial and I will order the jury—to admonish the jury to ignore that last comment which was made by Mr. Gooden.

The harm, if any, resulting from the comment was therefore cured and the court did not commit reversible error in denying the motion for mistrial.

 The second motion for mistrial was made when a woman spectator cried out and left the courtroom during defense counsel's closing argument. A bench conference was held off the record resulting in a denial of the motion. Again, we will reverse the trial court's discretion only when it is shown that the defendant was placed in a position of grave peril. *Morgan, supra*. We do not feel that this incident placed Hoehn in a position of grave peril, such as would require reversal of the trial court's decision. The motions for mistrial were properly denied.

 In addition, the questioning of Hoehn about the young friend he had come spend the night was a relevant line of questioning. It is well established that the trial court has wide latitude in determining the probative value of evidence and its prejudicial impact. *Chittenden v. State*, (1982) Ind., 436 N.E.2d 86. Even if the offered testimony is only marginally relevant, it is within the sound discretion of the trial court to determine its admissibility, *Marchand v. State*, (1982) Ind.App., 435 N.E.2d 284. The evidence of young boys coming to spend the night tends to prove Hoehn's depraved sexual instinct and is relevant to the charge of child molesting.

 Hoehn next contends that the court erred in having a bench conference to discuss the basis of an objection interposed by the State during defense counsel's closing argument. It appears that the trial court did not want the jury to hear the discussion concerning State's objection which alleged that the argument was beginning to touch on matters outside the evidence.

We fail to see and Hoehn has failed to show us how the trial court abused its discretion in having counsel approach the bench. Consequently, we find no error in this regard.

Hoehn also submits that the evidence is insufficient to sustain the verdict. Hoehn was charged with and convicted of child molesting in violation of I.C. 35–42–4–3(d) which provides as follows:

> (d) A person sixteen [16] years of age, or older who, with a child twelve [12] years of age or older but under sixteen [16] years of age, performs or submits to any fondling or touching, of either the child or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person, commits child molesting, a class D felony. However, the offense is a class B felony if it is committed by using or threatening the use of deadly force, or while armed with a deadly weapon.

 Upon review of the evidence for sufficiency, we look only to the evidence most favorable to the State and all reasonable inferences to be drawn therefrom. If the existence of each element of the crime may be found beyond a reasonable doubt, the verdict will not be disturbed. *Loyd v. State*, (1980) 272 Ind. 404, 398 N.E.2d 1260.

 Here, the evidence shows that the defendant was twenty-five years old at the time of the incident and that the victim was twelve years old. The victim testified that Hoehn touched his penis on three separate occasions. There was additional evidence showing Hoehn to have a depraved sexual instinct. Thus, the evidence is clearly sufficient to sustain the conviction for child molesting.

 Lastly, Hoehn alleges error in regard to his sentencing. Hoehn was sentenced to two years with one year added

for aggravating circumstances. The sentence was clearly within the trial court's statutory authority. *See,* I.C. 35-50-2-7. It is also within the trial court's authority to determine the weight to be given aggravating and mitigating circumstances and to increase or decrease the sentence accordingly. *Shanholt v. State,* (1983) Ind.App., 448 N.E.2d 308. When an increased penalty is imposed, as in this case, a statement of the facts peculiar to the defendant and the crime must be made so that we can determine if the trial court abused its discretion. *Page v. State,* (1981) Ind., 424 N.E.2d 1021; *Green v. State,* (1981) Ind., 424 N.E.2d 1014 (on remand).

 In this case, the trial court gave a detailed statement of the factors it found to increase the basic sentence from two to three years. Also, the sentencing statute lists certain criteria to be considered during sentencing. However, it states that the trial court is not limited to only those criteria. I.C. 35-4.1-4-7(d). Lack of remorse is a valid aggravating factor which the trial court indicated was a factor here. *See, Coleman v. State,* (1980) Ind.App., 409 N.E.2d 647. We do not feel that the trial court abused its discretion in sentencing Hoehn.

For all the foregoing reasons, we affirm the decision of the trial court.

NEAL, P.J., concurs.

YOUNG, J. (Sitting by Designation), dissents with separate opinion.

YOUNG, Judge, dissenting opinion.

I dissent. In child molesting cases, the "depraved sexual instinct" rule allows admission of evidence of prior crimes by the defendant if those crimes show a depraved sexual instinct similar to the sexual instinct involved in the crime charged. *Jarrett v. State,* (1984) Ind., 465 N.E.2d 1097. I do not believe this rule can be used in this case to justify the admission of evidence that the defendant possessed a photograph of a nude seven-year-old boy and that the defendant and his wife had intercourse while this boy was sleeping in their bed.

Unlike the evidence at issue in the cases cited by the majority, neither of these pieces of evidence shows a prior crime by the defendant. Nor does either piece of evidence show the defendant had a depraved inclination to molest children. In short, I believe the prejudicial effect of this evidence clearly outweighed its probative value. *See Parrish v. State,* (1984) Ind. App., 459 N.E.2d 391. I would hold that the trial court erred in admitting this evidence.