## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 27 2017, 11:32 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Anthony S. Churchward
Anthony S. Churchward, P.C.
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Michael T. Monnier,

*Appellant-Defendant,*

*v.*

State of Indiana,

*Appellee-Plaintiff*

September 27, 2017

Court of Appeals Case No.
92A04-1704-CR-835

Appeal from the Whitley Circuit Court

The Honorable James R. Heuer, Judge

Trial Court Cause No.
92C01-1604-FC-26

**Bradford, Judge.**

# Case Summary

[1] In 2006, Appellant-Defendant Michael Monnier moved in with his girlfriend and three of her children, including A.T., who was born in September of 2002. At some point before Monnier moved out in 2011, he touched A.T.'s vagina with his hand. Monnier was eventually convicted of molesting A.T. and two of her siblings. Monnier contends that the State failed to establish that his molestation of A.T. occurred within the charged time period. We conclude that the State produced sufficient evidence to sustain a conclusion that he molested A.T. within the charged time period and that, in any event, because time is not of the essence in child molesting cases, the State was not required to prove the date of Monnier's molestation of A.T. with that degree of specificity. Consequently, we affirm.

# Facts and Procedural History

[2] In June of 2006, the victims' mother rented a house in Churubusco with her children, including J.T., T.T., and A.T. Monnier, who was in a relationship with the victims' mother, moved in later that month. Monnier was over twenty-one years old at all relevant times and cared for the children while their mother worked. In around 2011, Monnier and the victims' mother ended their relationship, and the children went to live with their father in Ohio.

[3] At some point between January 1, 2006, and December 31, 2007, when J.T. was "about six or seven[,]" she was watching a movie with A.T. and fell asleep

on the couch. Tr. Vol. II p. 32. Monnier took J.T.'s blanket and asked her to lie with him on the floor. When J.T. did, Monnier took her hand and put it on his penis. Monnier also touched J.T.'s vagina over her clothes. T.T. was born in 2001 and lived in Churubusco from the time he was "like 4 until about 7 or 8." Tr. Vol. II p. 53. On one occasion in the summer of 2009, Monnier came into T.T.'s bedroom and fondled T.T.'s bare penis with his hand.

[4] On one occasion between January 1, 2008, and December 31, 2009, A.T. was awakened by the family dog barking and saw Monnier standing in the doorway. Monnier took the dog downstairs and returned, telling A.T. to go back to sleep and that he would stay "so nothing bad happens." Tr. Vol. II p. 75. A.T. woke up and felt Monnier touching her vagina with his hand. A.T., who was born in September of 2002, testified that she was four at the time Monnier molested her but also testified that it was possible that she was older.

[5] On April 14, 2016, the State charged Monnier with five counts of Class C felony child molesting, with count II alleging that

> between the dates of January 1, 2008, and December 31, 2009, in Whitley County, State of Indiana, Michael T. Monnier did knowingly or intentionally perform or submit to fondling or touching with A.T., a child under fourteen (14) years of age, with the intent to arouse or satisfy the sexual desires of himself or the child.

Appellant's App. Vol. II pp. 9-10. Although Monnier initially denied touching any of the children, he eventually claimed that he had touched J.T.'s vagina accidentally and T.T.'s and A.T.'s genitals for disciplinary reasons. On

February 15 and 16, 2017, a jury trial was held, after which a jury found Monnier guilty of three counts of Class C felony child molesting, one conviction relating to each of the children. On March 20, 2017, the trial court sentenced Monnier to five years of incarceration for each of his convictions, the three sentences to be served consecutively, for an aggregate sentence of fifteen years.

## Discussion and Decision

[6] Monnier contends only that the State failed to produce sufficient evidence to sustain his conviction for Count II, molestation of A.T.[1] When reviewing the sufficiency of the evidence, we neither weigh the evidence nor resolve questions of credibility. *Jordan v. State*, 656 N.E.2d 816, 817 (Ind. 1995). We look only to the evidence of probative value and the reasonable inferences to be drawn therefrom which support the verdict. *Id.* If from that viewpoint there is evidence of probative value from which a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt, we will affirm the conviction. *Spangler v. State*, 607 N.E.2d 720, 724 (Ind. 1993).

---

[1] Monnier does not claim that his convictions are barred by the statute of limitations for Class C felony child molesting, which bars prosecution for that crime more than five years after its commission. *See* Ind. Code § 35-41-4-2(a)(1). We note, however, that

> [t]he period within which a prosecution must be commenced does not include any period in which … the accused person conceals evidence of the offense, and evidence sufficient to charge the person with that offense is unknown to the prosecuting authority and could not have been discovered by that authority by exercise of due diligence[.]

Ind. Code § 35-41-4-2(h)(2). In any event, the statute of limitations is not an issue in this case.

[7]     Monnier's sole argument is that the State failed to establish that his molestation of A.T. occurred between the charged period of January 1, 2008, and December 31, 2009. Monnier points to A.T.'s testimony that she was born in September of 2002 and that Monnier's molestation of her occurred when she was four, which would place it between September of 2006 and September of 2007. While it is true that A.T. testified that she was four when Monnier molested her, she also testified that she did not remember everything that happened to her when she was four and five years old and that it was entirely possible that she was, in fact, older when the molestation occurred. This evidence is sufficient to sustain the jury's conclusion that Monnier molested A.T. during the charged period. *See Jordan*, 656 N.E.2d at 817.

[8]     In any event, it was not necessary for the State to prove that Monnier's molestation of A.T. occurred during the time charged, as time was not of the essence in this case. As the Indiana Supreme Court has held,

> time is not of the essence in the crime of child molesting. *Hodges v. State* (1988), Ind., 524 N.E.2d 774. *See also Hoehn v. State* (1984), Ind. App., 472 N.E.2d 926. It is difficult for children to remember specific dates, particularly when the incident is not immediately reported as is often the situation in child molesting cases. The exact date becomes important only in limited circumstances, including the case where the victim's age at the time of the offense falls at or near the dividing line between classes of felonies.

*Barger v. State*, 587 N.E.2d 1304, 1307 (Ind. 1992).

[9] Monnier does not argue that this case qualifies as one where the exact date of the alleged molestation was important, and it is undisputed that A.T. was well below the dividing line between child molesting and sexual misconduct with a minor at all relevant times. *See* Ind. Code § 35-42-4-3(b) (defining child molesting and requiring that victims be under fourteen years of age) and Ind. Code § 35-42-4-9(b) (defining sexual misconduct with a minor and requiring that victims be between fourteen and sixteen years old). The State was required to prove that Monnier molested A.T. before she turned fourteen, and it is undisputed that it did so. *See Krebs v. State*, 816 N.E.2d 469, 473 (Ind. Ct. App. 2004) ("As discussed above, Krebs' abuse of L.K. occurred when she was between ten and fourteen years old. Although L.K. could not remember the specific date of the incident, it did not occur 'near the dividing line between classes of felonies.' *See Barger*, 587 N.E.2d at 1307. Therefore, proof of the exact time the act occurred is not essential to the State's case, and Krebs' allegation fails for this count."). Monnier has failed to establish that the State produced insufficient evidence to sustain his conviction for committing Class C felony child molesting on A.T.

[10] The judgment of the trial court is affirmed.

May, J., and Barnes, J., concur.