MORRIS *v.* STATE OF INDIANA

[No. 28,533. Filed November 4, 1949.]

*Theodore Lockyear* and *James D. Lopp,* both of Evansville, for appellant.

*J. Emmett McManamon,* Attorney General, *Charles F. O'Connor* and *Merl M. Wall,* Deputy Attorneys General, for appellee.

JASPER, J.—The appellant was charged by affidavit with disorderly conduct under § 10-1510, Burns' 1942 Replacement (1947 Supp.) ; Acts of 1943, ch. 243, § 1, p. 685. Trial by jury was waived. The cause was submitted to the court on a plea of not guilty, and finding and judgment were entered against appellant.

The affidavit, omitting the formal parts, is as follows:

> "Richard L. Hubbard being duly sworn upon his oath says that Herbert Morris on or about the 30th day of January, A. D. nineteen hundred forty-eight at said County, as affiant verily believes did then and there unlawfully act in a loud, boisterous and disorderly manner so as to disturb the peace of the neighborhood at 401 Edgar Street, by loud and unusual noise, and by tumultous and offensive behavior, threatening, traducing, quarreling, challenging to fight and fighting one Richard L. Hubbard, then and there being contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Indiana."

The only question presented by appellant is that the judgment of the court was not sustained by sufficient evidence and was contrary to law.

The testimony shows that appellant was in a tavern at 401 Edgar Street, in Evansville, Indiana, on January 30, 1948; that he knocked down and jumped upon one Van Britson; that when Police Officer Hubbard attempted to stop appellant, he fought the officer; that appellant drew a knife and started for the police officer; that appellant for the second time fought with Van Britson; that the patrons in the place of business asked the officer to call more policemen; that when Officer Hubbard returned, appellant had chased every one out of the

tavern and was fighting on the street; that appellant, with a knife, chased one Van Britson down Edgar Street and around Van Britson's automobile which was parked in the street. The testimony also showed that there were other people in the tavern and also people on the outside. Witnesses further testified that appellant was loud, boisterous, and disorderly, and that he cursed, and hollered that he would kill all policemen. There is evidence of each material averment of the affidavit.

Appellant contends that a tavern and a disturbance therein are not such as to come within the statute covering disorderly conduct. This court has held that while criminal statutes must be strictly construed, still, they must be reasonably and fairly interpreted so as to give efficient operation, and to give effect if possible to the expressed intent of the legislature. They should not be wantonly narrowed, limited, or emasculated and rendered ineffective, absurd, or nugatory. If possible, they should be allowed to perform their intended mission as shown by the existing evils intended to be remedied. *State* v. *Griffin* (1948), 226 Ind. 279, 79 N. E. 2d 537, 540.

The word "neighborhood," as used in the disorderly conduct statute, includes both residential and business sections. *City of Charleston* v. *Coker* (1917), 195 Mo. App. 159, 184 S. W. 1181. See Words and Phrases, Vol. 28 (Perm. Ed.) A tavern is a part of a neighborhood as well as any other business to which the public is invited, and a disturbance, such as revealed by the evidence herein, whether within or outside a business establishment, was sufficient for the court to find that the peace of the neighborhood was disturbed.

There being no reversible error, the judgment is affirmed.

NOTE.—Reported in 88 N. E. 2d 328.