**Michael G. BARGER, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 49S02–9203–CR–160.

Supreme Court of Indiana.

March 6, 1992.

Rehearing Denied May 18, 1992.

F. Allen Tew, Jr., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, Jeffrey Modisett, Pros. Atty., Marion County, Carol J. Orbison, Deputy Pros. Atty., Indianapolis, for appellee.

SHEPARD, Chief Justice.

Michael G. Barger was found guilty by a jury of child molesting, a class D felony. Ind.Code § 35–42–4–3(d) (West 1986). The evidence revealed that Barger was the principal at the victim's elementary school. He invited the victim to sit on his lap, and placed the victim's hand outside his clothing on his penis. The Indiana Court of Appeals reversed, finding the evidence of the victim's age was insufficient to sustain the conviction. *Barger v. State* (1991), Ind. App., 576 N.E.2d 621, *reh'g denied*, 579 N.E.2d 621. We grant transfer, vacate the opinions of the Court of Appeals, and affirm Barger's conviction.

Barger raises the following issues on appeal:

I. Whether the evidence was sufficient to sustain his conviction;

II. Whether the court erred in allowing testimony about the victim's reputation for truthfulness;

III. Whether the court erred in allowing the State to present evidence of other acts allegedly committed by Barger; and

IV. Whether the prosecutor engaged in misconduct.

### I. Sufficiency of the Evidence

Barger argues the evidence was insufficient to sustain his conviction because the State failed to prove the victim was over twelve years of age at the time of the offense.

Indiana's statutes make it a felony to molest children under the age of sixteen. If the child is younger than twelve, the offense is a class C felony. Ind.Code § 35–42–4–3(b). Molesting older children, those aged twelve through fifteen, is a class D felony. It is this latter provision under which Barger was convicted:

A person sixteen (16) years of age, or older who, with a child twelve (12) years of age or older but under sixteen (16) years of age, performs or submits to any fondling or touching, of either the child or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person, commits child molesting, a class D felony.

Ind.Code § 35–42–4–3(d).

Barger argues that one of the elements of the class D felony is that the act occurred "with a child twelve years of age or older," and the State could not prove the victim in this case was over twelve years of age. That being so, he says, the State did not prove beyond a reasonable doubt all the elements of the crime of child molesting, a class D felony.

■ When reviewing a claim of insufficient evidence, this Court does not reweigh evidence or judge the credibility of the witnesses. *Alfaro v. State* (1985), Ind., 478 N.E.2d 670. We affirm the conviction if, looking to the evidence and reasonable inferences therefrom which support the verdict, there is substantial evidence of probative value to support the conclusion of the trier of fact. *Id.*

This case is unusual in that the molestation took place right around the victim's twelfth birthday. The evidence most favorable to the verdict indicates the molestation occurred in January or February of 1988. The victim turned twelve years old on February 22, 1988. We have the rare set of circumstances in which the State apparently cannot prove definitively whether the victim was eleven years old or twelve years old at the time of the molestation. It is thus difficult to know whether Barger is guilty of a class D or a class C felony. We do not think it follows that Barger is guilty of no felony at all.[1]

■ Penal statutes should be interpreted in order to give "efficient operation to the expressed intent of the legislature." *State v. Bigbee* (1973), 260 Ind. 90, 93, 292 N.E.2d 609, 611. *See also McAnalley v. State* (1987), Ind., 514 N.E.2d 831. Penal statutes are strictly construed against the State. *Cape v. State* (1980), 272 Ind. 609, 400 N.E.2d 161. The statutes are not to be overly narrowed, however, so as to exclude cases the statutes fairly cover. *Id.* Criminal statutes "should not be wantonly narrowed, limited or emasculated and rendered ineffective, absurd, or nugatory. If possible, they should be allowed to perform their intended mission as shown by the existing evils intended to be remedied." *Morris v. State* (1949), 227 Ind. 630, 632, 88 N.E.2d 328, 329.

Since 1908, our legislature has prescribed a harsher penalty for sexual offenses committed against children under the age of twelve. In 1908, the penalty for the crime

---

1. If Barger was charged with either the class D or class C felony child molesting, or even with both offenses, under the Court of Appeals' analysis his conviction would have to be reversed. The State could not prove whether the victim was eleven or twelve years old. The evidence was "not sufficient to establish the element of the alleged victim's age beyond a reasonable doubt" for either class of the child molesting felony. *Barger*, 576 N.E.2d at 623.

of rape was imprisonment for not less than two years nor more than twenty-one years. The statute further provided: "[I]n cases where the female upon whom the crime is committed is a child under the age of twelve years, the punishment shall be imprisonment in the state prison for life." Burns' Annotated Indiana Statutes, Revision of 1908, Volume 1, § 2250. The statute was modified over the years, but the stronger penalty for offenses against children under the age of twelve always remained. In 1976, the child molesting statute was enacted in its present form, retaining the harsher penalty for sexual crimes against victims under twelve. *See* Ind. Code § 35–42–4–3. Thus, for most of this century, the legislature has enacted and reaffirmed a consistent public policy aimed at punishing offenders more harshly when the offenders commit crimes against younger children. Younger children are more in need of protection; they are less likely to be able to defend themselves and are more susceptible to adult suggestion and schemes.

■ This Court has had numerous occasions to analyze the purpose and operation of these statutes. Among other things, we have concluded that time is not of the essence in the crime of child molesting. *Hodges v. State* (1988), Ind., 524 N.E.2d 774. *See also Hoehn v. State* (1984), Ind. App., 472 N.E.2d 926. It is difficult for children to remember specific dates, particularly when the incident is not immediately reported as is often the situation in child molesting cases. The exact date becomes important only in limited circumstances, including the case where the victim's age at the time of the offense falls at or near the dividing line between classes of felonies.

■ While one might always wish for statutes drafted so as to make the job of interpretation easier, we think it is incon-

ceivable that the legislature intended through Ind.Code § 35–42–4–3 to absolve defendants who molest children around their twelfth birthdays such that it is impossible to tell whether the victim was eleven or twelve at the time of the offense. In effect, the prosecutor strictly construed the statute against the State by charging Barger with the class D felony rather than the class C felony. It is beyond question that Barger's victim was under sixteen years of age, as required for the class D felony. To read Ind.Code § 35–42–4–3 as providing no protection to a victim who was molested around her twelfth birthday would render the statute absurd given the legislature's long and constant history of providing more severe penalties for crimes against victims under the age of twelve.

Barger argues that *Mahla v. State* (1986), Ind., 496 N.E.2d 568, supports his position. In *Mahla,* the defendant was charged with and convicted of class B felony child molesting.[2] He argued the jury should have been instructed to consider the crime of class C felony child molesting. We upheld the trial court's refusal of this request because the C felony was not a lesser included offense of the B felony under the test outlined in *Henning v. State* (1985), Ind., 477 N.E.2d 547. We also noted that all the evidence against Mahla pointed to the conclusion that the victim was under twelve at the time of the molestation; Mahla was charged with and properly convicted of the class B felony. *Mahla* did not involve the factual situation presented here, in which it is difficult to tell whether the victim was under or over twelve years of age at the time of the offense.

We hold when it is difficult to tell whether the child molesting victim was eleven or twelve at the time of the offense, it is sufficient to charge and convict the defen-

---

**2.** Mahla was convicted of a class B felony under Ind.Code § 35–42–4–3(a), performing or submitting to sexual intercourse or deviate sexual conduct with a child under twelve years old. The offense is a class C felony if the child is over twelve. Ind.Code § 35–42–4–3(c). Like the offense of which Barger was convicted, performing or submitting to any fondling or touching,

the only difference between the class B and C felonies of sexual intercourse or deviate sexual conduct is whether the victim was under or over 12 years of age. The same analysis is thus applicable to the offenses of sexual intercourse/deviate sexual conduct and performing or submitting to fondling or touching.

dant of the lesser felony, a class D felony in this case, because the child is clearly under the age of sixteen, as required for the lesser class felony.[3] We reach this conclusion based upon the legislative intent to punish offenders more harshly when they commit crimes against younger children, and the notion of strict construction of criminal statutes.

The essence of the child molesting statute is that the victim be younger than some age—under sixteen or under twelve years old. There was proof beyond a reasonable doubt that the victim was under sixteen years of age at the time of the offense.

■ The victim in this case testified that Barger took her hand and placed it on his penis while she was sitting on his lap in his office. Convictions for child molesting may rest upon the uncorroborated testimony of the victim. *Baxter v. State* (1988), Ind., 522 N.E.2d 362. The evidence was sufficient to sustain Barger's conviction for child molesting, a class D felony.

## II. Victim's Reputation for Truthfulness

Barger argues the court erred in allowing three of the State's witnesses, all teachers at the elementary school, to testify about the truth and veracity of the victim.

■ "No witness, whether lay or expert, is competent to testify that another witness is or is not telling the truth." *Stewart v. State* (1990), Ind., 555 N.E.2d 121, 125. Adult witnesses may be allowed, however, to state an opinion about the child victim's general competence and ability to understand the subject of sexual conduct. *Id.* Such testimony is allowed because of the special problem in assessing the credibility of children who are called upon as witnesses to describe sexual conduct. *Lawrence v. State* (1984), Ind., 464 N.E.2d 923. Direct assertions of the witness's belief in the child's testimony are prohibited. *Stewart,*

555 N.E.2d 121. The witnesses did not make such assertions in this case.

■ The State asked two witnesses if they were acquainted with the victim's reputation for truth and veracity or how well they knew the victim, and the witnesses responded with their assessment of the victim as a student. The State asked a third witness how well she knew the victim, and whether she was acquainted with the victim's reputation for truth and veracity. This witness was the only one to indicate anything about the victim's truthfulness, and she did not directly assert her belief in the victim's testimony.

None of the witnesses directly testified they believed the victim was telling the truth about the molestation.

■ Barger's counsel attacked the victim's truthfulness on cross-examination. He questioned her about a discrepancy between her testimony in court and a prior statement she made to him, and asked her if she was lying. When a witness has been impeached by proof that he made prior inconsistent statements, the party may support that witness by proof of the witness's reputation for truth and veracity. *Lutz v. State* (1989), Ind.App., 536 N.E.2d 526.[4] It was not erroneous for the State to ask questions about the victim's general reputation for truthfulness.

Barger also argues his trial counsel was ineffective for failing to object to the testimony about the victim's reputation for truthfulness. Because it was not erroneous to admit this testimony, Barger's trial counsel was not ineffective for failure to object. *Siglar v. State* (1989), Ind., 541 N.E.2d 944 (to establish inadequate representation based on failure to object, defendant must show counsel's objections would have been sustained had they been made).

---

**3.** Of course, if the alleged molestation occurred around a victim's sixteenth birthday and it was impossible to tell whether the victim was fifteen or sixteen, the choice would be between a lesser class felony and no felony. In that situation the defendant could not be convicted of any felony.

**4.** We note Barger availed himself of this technique as well. While presenting his case, Barger's counsel asked two witnesses to give their opinions about Barger's reputation for telling the truth.

### III. Evidence of Extrinsic Offenses

Barger contends the trial court erred in admitting evidence of other acts he allegedly committed against children in the school. Several witnesses testified about Barger's actions they observed. These acts included rubbing the inner thighs and faces of first grade girls, excessive frontal hugging and touching of young girls, and comments about the bodies of the young female students, including, "Isn't that the cutest little ass you've ever seen on a little girl" and "look at the boobers on that kid. Wouldn't you like to get your hands on those." One former student also testified. She stated that twice Barger hugged her so tight she could feel his penis, and that he played with her bra strap.

■ The general rule in Indiana is that evidence of extrinsic offenses may not be used to establish guilt except where relevant to show intent, motive, purpose, identification, and common scheme or plan. *McKim v. State* (1985), Ind., 476 N.E.2d 503. We have recognized an exception for acts involving or showing a depraved sexual instinct. *Id.* The basis for this exception is that in prosecutions for depraved acts the prosecuting witness is unlikely to be believed because the victim's testimony, standing alone and not connected with anything which led to or brought about the testimony, "would appear unnatural or improbable in itself." *Id.* at 505.

This same rationale was cited years ago by this Court in the context of a prosecution for sodomy. *State v. Robbins* (1943), 221 Ind. 125, 46 N.E.2d 691. The Court stated the general rule regarding evidence of other independent crimes, and noted "this rule does not apply to cases where the chief element of the offense consists in illicit intercourse between the sexes." *Id.*, 221 Ind. at 136, 46 N.E.2d at 695, *quoting State v. Markins* (1884), 95 Ind. 464, 466. When a witness has testified about a fact or transaction which standing alone would appear unnatural or improbable in itself, "such previous facts are not only admissible and relevant, but they constitute a necessary part of such principal transaction...." *Id.*, 221 Ind. at 136, 46 N.E.2d at 695, *quoting People v. Jenness*, 5 Mich. 305, 323 (1958). In *Robbins*, evidence of similar acts by the defendant judge toward young girls was thus admissible to show his depraved sexual instinct toward young girls.

■ In this case, the State used evidence of other acts to show Barger's depraved sexual instinct toward young girls in school over whom he held a position of power by virtue of his job as principal. The acts about which the witnesses testified concerned the touching of and suggestive comments about young girls in the school. It is not necessary that the uncharged acts be identical to the crime with which Barger was charged; the acts need only demonstrate the same sexual instinct toward young girls. *Jarrett v. State* (1984), Ind., 465 N.E.2d 1097 (acts used to show depraved sexual instinct need not be identical to crime for which defendant is charged; sufficient if same sexual instinct is shown). The trial court did not err in admitting this evidence.

Barger argues some of this evidence was inadmissible because the acts occurred after the event with which Barger was charged. He provides no authority for this contention. This Court stated in *Robbins*, 221 Ind. 125, 46 N.E.2d 691, that in addition to acts occurring prior to the charged offense, subsequent similar acts were admissible provided the acts were not too remote in time. Additionally, our Court of Appeals has rejected any distinction based solely upon whether the uncharged acts occurred before or after the charged crime. *Lutz v. State* (1989), Ind.App., 536 N.E.2d 526, *trans. denied.* *See also Hall v. State* (1987), Ind.App., 504 N.E.2d 298. The charged and uncharged acts in this case were similar in time and proximity; they all occurred in the elementary school within a two to three year time frame. The trial court did not err in admitting evidence of Barger's acts toward other young girls in the school which occurred after the incident at issue in this case.

■ One of the State's witnesses, a teacher at the school, testified about Barger's inappropriate conduct toward her.

She testified he hugged her inappropriately and on occasion would play with her bra and camisole straps. This evidence does not fall under the depraved sexual instinct exception because it does not evidence Barger's desires toward young girls in the school, and it should not have been presented to the jury. There is no substantial likelihood these relatively innocuous comments contributed to the jury's guilty verdict, however, thus the error in its admission was harmless. *See Jaske v. State* (1989), Ind., 539 N.E.2d 14.[5]

### IV. Prosecutorial Misconduct

Barger contends the prosecutor committed misconduct when she failed to provide Barger with the names of all the people who were mentioned at trial, made representations during a hearing on a motion in limine about the testimony of witnesses which later proved to be false, and asked questions of witnesses about acts which occurred in 1989.

█ To determine whether a defendant was subjected to prosecutorial misconduct which deprived him of a fair trial, we first determine whether the prosecutor engaged in misconduct. *Maldonado v. State* (1976), 265 Ind. 492, 355 N.E.2d 843. If misconduct is established, then we must determine whether the misconduct, under the circumstances, placed the defendant in a position of grave peril to which he should not have been subjected. *Id.* "The gravity of the peril is determined by considering the probable persuasive effect of the misconduct on the jury's decision, not the degree of the impropriety of the conduct." *Timmons v. State* (1986), Ind., 500 N.E.2d 1212, 1214.

█ Barger cites no authority, and we are aware of none, for the proposition that the prosecutor must provide the defendant with a list of all people who may be mentioned at trial. We see no misconduct in the failure of the prosecutor to provide Barger with these names.

Barger contends the prosecutor made repeated representations during a pre-trial hearing about the testimony of witnesses which later turned out to be false. The record simply does not support this contention. There was only one incident in which the prosecutor stated a witness would testify about certain events and the witness later denied these events. The prosecutor, during the hearing on the motion *in limine* indicated one of the teachers would testify she saw Barger fondle two named students. The witness denied this at trial. We conclude this erroneous comment by the prosecutor made during a lengthy recitation to the court about expected testimony was not misconduct.

Barger contends the prosecutor engaged in misconduct by eliciting testimony from witnesses about other acts which occurred after the incident in question. We have already determined that this evidence was admissible; it was not misconduct for the prosecutor to ask witnesses these questions. Barger's allegations, standing alone or cumulatively, do not constitute prosecutorial misconduct.

The judgment of the trial court is affirmed.

GIVAN and KRAHULIK, JJ., concur.

DeBRULER, J., dissents with opinion in which DICKSON, J., concurs.

DeBRULER, Justice, dissenting.

The trial court construed this charge of child molesting together with the child molesting statute, and in Final Instruction Number 15, instructed the jury as follows:

> To convict the defendant of child molesting the State must have proved each of the following elements:
>
> \*   \*   \*   \*   \*   \*
>
> 5. [S.M.] was at the time of the occurrence twelve (12) years of age or older but under sixteen (16) years of age.
> If the State failed to prove each of these elements beyond a reasonable doubt, you should find the defendant not guilty.

**5.** Barger also argues the trial court erred in denying his motion *in limine* concerning the witnesses who were to testify about these other acts committed by Barger. The ruling on a motion *in limine* is not a final ruling on the admissibility of evidence and is not reviewable on appeal. *Akins v. State* (1981), Ind., 429 N.E.2d 232.

If the State did prove each of the elements beyond a reasonable doubt, you should find the defendant guilty of child molesting, a class D felony.

The State did not object to this instruction and the construction of the child molesting statute upon which it is based. It did not for example tender an instruction that the victim, S.M., was at the time of the occurrence under the age of sixteen years. Nor did it tender an instruction that she was around twelve years old, or between eleven and twelve. Thus the State at the time of trial agreed with or at least acquiesced in the trial court's construction of the statute and charge making age a full-fledged crime element and requiring proof of age of the victim as stated in the court's instruction. I.C. 35–37–2–2. Criminal Rule 8. The State also did not ask for, or argue for the Court to instruct on any possible lesser included offenses, which it might well have done.

The jury, after being instructed returned the following verdict:

We the jury find the defendant Michael Barger guilty of the crime of Child Molesting a Class D Felony.

This verdict is based upon the determination of the jury that beyond a reasonable doubt the victim was over twelve and under sixteen at the time of the occurrence. On appeal, appellate counsel claimed the evidence was insufficient to warrant that determination, and the sole response of the State in its brief is that the victim's testimony was sufficient evidence to support that determination. The Court of Appeals steadfastly applied the correct appellate standard in reviewing this claim, declared the age of the victim to be a required element, determined the proof of that element to be insufficient, and reversed the conviction. In so doing that Court followed established legal principles to the correct legal result.

DICKSON, J., concurs.