## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 01 2016, 8:18 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Karen Celestino-Horseman
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Eric P. Babbs
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Albert Towne,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

December 1, 2016

Court of Appeals Case No.
49A04-1511-CR-1854

Appeal from the Marion Superior Court.
The Honorable Kurt M. Eisgruber, Judge.
Cause No. 49G01-1405-FB-23673

**Darden, Senior Judge**

# Statement of the Case

Albert Towne appeals his convictions of sexual misconduct with a minor, a Class B felony,[1] and sexual misconduct with a minor, a Class C felony.[2] We affirm.

# Issue

The sole issue on appeal is whether the State presented sufficient evidence to support Towne's convictions.

# Facts and Procedural History

The facts most favorable to the judgment follow. T.S. has been diagnosed with an intellectual disability as well as several behavioral disorders. Towne, who has also been diagnosed with an intellectual disability, engaged in sexual intercourse with T.S. and the touching of T.S. When T.S. later told her mother of the incident, an investigation commenced. Based upon the incident, Towne was charged with one count of sexual misconduct with a minor, as a Class B felony, and two counts of sexual misconduct with a minor as Class C felonies. Following a bench trial, the court found Towne guilty of the Class B felony and one Class C felony. The court sentenced him to six years with four years

---

[1] Ind. Code § 35-42-4-9(a)(1) (2007).

[2] Ind. Code § 35-42-4-9(b)(1).

suspended and two years on home detention followed by two years of probation. Towne now appeals his convictions.

## Discussion and Decision

[4] Towne contends the State failed to present sufficient evidence to support his convictions of sexual misconduct with a minor. When we review a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of the witnesses. *Sandleben v. State*, 29 N.E.3d 126, 131 (Ind. Ct. App. 2015), *trans. denied*. Instead, we consider only the evidence most favorable to the judgment and any reasonable inferences drawn therefrom. *Id.* If there is substantial evidence of probative value from which a reasonable fact-finder could have found the defendant guilty beyond a reasonable doubt, the judgment will not be disturbed. *Labarr v. State*, 36 N.E.3d 501, 502 (Ind. Ct. App. 2015).

[5] Herein, in order to obtain a conviction for sexual misconduct with a minor as a Class B felony, the State must prove beyond a reasonable doubt that: (1) between June 1, 2013, and July 31, 2013, (2) Towne, a person at least twenty-one years of age, (3) performed or submitted to sexual intercourse (4) with T.S., a child at least fourteen years of age but less than sixteen years of age. *See* Ind. Code § 35-42-4-9(a)(1); Appellant's App. p. 25. In addition, to establish the offense of sexual misconduct with a minor as a Class C felony, the State must prove beyond a reasonable doubt that: (1) between June 1, 2013, and July 31, 2013, (2) Towne, a person at least twenty-one years of age, (3) performed or submitted to any fondling or touching (4) with T.S., a child at least fourteen

years of age but less than sixteen years of age, (5) with the intent to arouse or satisfy the sexual desires of Towne or T.S. *See* Ind. Code § 35-42-4-9(b)(1); Appellant's App. pp. 25-26.

[6] With regard to both of his convictions, Towne challenges the State's evidence only as to T.S.'s age at the time the incident occurred. The gist of his argument is that one of the elements of both of these offenses is that the act occurred with a child at least fourteen years of age, and the State did not prove T.S. was at least fourteen years of age at the time of these incidents. Thus, he claims the State did not prove beyond a reasonable doubt all of the elements of the charged offenses of sexual misconduct with a minor as both a Class B and a C felony.

[7] The evidence most favorable to the judgment established that the sexual misconduct occurred during June or July of 2013. T.S. was born on April 30, 1999. When T.S. was having visitation with her father during the summer of 2013, she played video games with Towne, who lived in an apartment across the hall. Towne, who was 26 at the time, has been diagnosed with an intellectual disability. On one occasion during the summer when T.S. was in Towne's apartment, Towne engaged in sexual intercourse with T.S. and the touching of T.S.

[8] T.S.'s mother testified that T.S. has been diagnosed with attention deficit disorder – impulsive type, mood disorder, attachment disorder, and an intellectual disability. She further testified that when T.S. was fourteen, she functioned at the level of an eight to ten-year-old, and, at the time of trial when

T.S. was sixteen, she was functioning at a ten to twelve-year-old level. T.S.'s mother testified that T.S. told her about the incident in February 2014.

[9] During her direct examination, T.S. was asked questions about what occurred with Towne *in the summer of 2013*. T.S. explained that, at some point during that summer, Towne's "private area" touched her "private area," and his hands were on her chest. Tr. pp. 27, 26. On cross-examination, T.S. testified, "I didn't know what he did was very bad to me. I was only 13." *Id.* at 36. And, in response to a question concerning a police officer she spoke to, T.S. testified, "Yes — I was only 13, yes — some blonde woman." *Id.* at 37. In response to another question, T.S. testified, "I kept it a secret for a year until I was 14 years old." *Id.* at 41. There were also several instances during T.S.'s testimony where she responded to a question with "I don't know" or "I don't remember." *Id.* at 34, 37, 40, 41. She also stated things like, "I don't know what you mean about that" and "I don't know her name. I don't even remember her and I don't care." *Id.* at 35, 37. At one point when asked if she remembered when something occurred, T.S. responded, "2014 — no, 2000 — I don't know." *Id.* at 37. At another juncture in her testimony, T.S. stated to defense counsel, "Where you going — I don't know what you're talking about. I don't know. I don't know what your name is and whoever you are I do not know what I'm — what you are talking about right now." *Id.* at 40-41.

[10] Circumstantial testimonial evidence can be sufficient to prove age. *Hmurovic v. State*, 43 N.E.3d 685, 687 (Ind. Ct. App. 2015). Although T.S. made statements on cross-examination about being thirteen at the time of this incident, the

witnesses all indicated that the incident occurred during the summer of 2013 when T.S. had visitation with her father. Further, the uncontroverted evidence showed that T.S. was born on April 30, 1999, making her fourteen during the summer of 2013. In addition, T.S. was correct that she was fourteen when she reported the incident to her mother in February 2014, some nine months after it occurred.

[11] The trial judge, as the factfinder, observed firsthand all of the witnesses as they testified, including T.S. As T.S. testified, the judge was able to take note of her demeanor and general aptitude. In addition, the trial court heard the testimony of T.S.'s mother regarding T.S.'s intellectual capacity. "It is difficult for children to remember specific dates, particularly when the incident is not immediately reported as is often the situation in child molesting cases." *Barger v. State*, 587 N.E.2d 1304, 1307 (Ind. 1992). We think this is especially true when the victim, although a teenager, has cognitive disabilities. It is the function of the trier of fact to resolve conflicts in testimony and to determine the weight of the evidence and the credibility of the witnesses. *K.D. v. State*, 754 N.E.2d 36, 39 (Ind. Ct. App. 2001). We will not disturb the factfinder's determination.

[12] Assuming, *arguendo*, that the State's evidence did not definitively prove that T.S. was fourteen at the time of these offenses, Towne's convictions still stand. Where a victim's age at the time of an offense was at or near the dividing line between classes of felonies such that the State could not prove definitively the victim's age at the time of the molestation, it is appropriate to charge and

convict the defendant with the lesser felony. *Barger*, 587 N.E.2d at 1307-08. Towne was charged with Class B and Class C felony sexual misconduct based upon T.S. being fourteen years of age but less than sixteen years of age. T.S. was clearly under the age of sixteen at the time of this misconduct; however, if T.S. was only thirteen as Towne argues, one of the two appropriate charges would have been a higher class felony — child molesting as a Class A felony and child molesting as a Class C felony, exposing him to a greater sentence if convicted. *See* Ind. Code § 35-42-4-3 (a)(1) and (b) (2007). Thus, given these circumstances, the State appropriately charged and convicted Towne of the lesser felony rather than no felony at all as Towne suggests. *See, e.g.*, *Barger*, 587 N.E.2d at 1306 (stating that, where State could not prove definitively whether victim was eleven years old or twelve years old at time of molestation, "[i]t is thus difficult to know whether Barger is guilty of a class D or a class C felony. We do not think it follows that Barger is guilty of no felony at all.").

## Conclusion

For the reasons stated, we conclude the State presented sufficient evidence to support Towne's convictions of sexual misconduct with a minor as a Class B felony and sexual misconduct with a minor as a Class C felony.

Affirmed.

Vaidik, C.J., and Kirsch, J., concur.