## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 29 2017, 9:29 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kevin McShane
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Henry A. Flores, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Michael Riggle,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

December 29, 2017

Court of Appeals Case No.
49A02-1704-CR-787

Appeal from the Marion Superior
Court

The Honorable Sheila Carlisle,
Judge

Trial Court Cause No.
49G03-1604-F1-14204

**Robb, Judge.**

# Case Summary and Issue

[1] Following a jury trial, Michael Riggle was convicted of three counts of child molesting, all Level 1 felonies, and was sentenced to sixty years in the Indiana Department of Correction. Riggle appeals, raising one issue for our review: whether the State presented sufficient evidence to support his conviction for Count III of child molesting. Concluding the evidence was sufficient, we affirm.

# Facts and Procedural History

[2] Riggle was born on September 28, 1980. His daughter, G.R. was born on July 3, 2003. When G.R. was seven or eight years old, Riggle began forcing G.R. to perform oral sex on him. This occurred on numerous occasions and continued after they moved to a new house in 2013.

[3] In January of 2016, when G.R. was twelve years old, Riggle began penetrating her with his penis. This occurred on several occasions in different rooms in the house. The last time was on April 9, 2016, just prior to Riggle attending a friend's wedding. Shortly after that date, G.R.'s teacher, who had previously been approached by a classmate's mother about concerns for G.R., noticed G.R. was crying and visibly upset after lunch. The teacher sent G.R. to talk with the school principal, who filed a report with the Department of Child Services ("DCS") based on their discussion. A DCS family case manager went to G.R.'s house, where Riggins angrily refused to allow the case manager into

the home. After the police, who had accompanied the family case manager, spoke with Riggins, Riggins gave permission for the family case manager to speak with G.R. Based on disclosures made by G.R., the family case manager took her, her sister, and her step-sisters to the DCS office for a formal interview. During the interview with a forensic child interviewer, G.R. made a disclosure that was forwarded to the Indianapolis Metropolitan Police Department.

[4] Based on that disclosure and the ensuing investigation which included a forensic medical examination, the State charged Riggle with three counts of Level 1 felony child molesting. Count III alleged Riggle, being at least twenty-one years of age, "did perform or submit to other sexual conduct" with G.R., a child under the age of fourteen between July 3, 2015 and April 8, 2016.[1] A jury found Riggle guilty as charged and the trial court sentenced him to thirty years on each count, with the sentences on Counts I and II to be concurrent, and the sentence on Count III to be consecutive, for a total sentence of sixty years. Riggle now appeals only his conviction of Count III.

# Discussion and Decision

---

[1] Count I alleged that "[o]n or about April 9, 2016, [Riggle], a person at least twenty-one (21) years of age, did perform or submit to sexual intercourse with G.R., a child under the age of fourteen years . . . ." Appellant's Appendix, Volume 2 at 2. Count II alleged that "[o]n or about or between January 1, 2016 and April 8, 2016, [Riggle], a person at least twenty-one (21) years of age, did perform or submit to sexual intercourse with G.R., a child under the age of fourteen years . . . ." *Id.* Riggle does not challenge his convictions on those counts.

# I. Standard of Review

Riggle contends the evidence was insufficient to prove that he knowingly or intentionally performed or submitted to other sexual conduct with G.R. between July 3, 2015 and April 8, 2016.

In reviewing a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of the witnesses; instead considering only the evidence most favorable to the judgment and reasonable inferences therefrom. *Pugh v. State*, 52 N.E.3d 955, 966 (Ind. Ct. App. 2016), *trans. denied*. "We will affirm the conviction if there is probative evidence from which a reasonable jury could have found the defendant guilty beyond a reasonable doubt." *Dillard v. State*, 755 N.E.2d 1085, 1089 (Ind. 2001). In other words, we will only reverse for insufficiency of the evidence if "no reasonable factfinder could find the defendant guilty." *Griffith v. State*, 59 N.E.3d 947, 958 (Ind. 2016).

# II. Count III

It is clear from the evidence that the "other sexual conduct" alleged in Count III is oral sex; G.R. testified that Riggle placed his penis in her mouth. *See* Ind. Code § 35-31.5-2-221.5 (defining "other sexual conduct" to mean, among other things, an act involving a sex organ of one person and the mouth of another). Riggle concedes such conduct is prohibited and he does not specifically argue that the conduct did not occur. Instead, he argues the evidence is insufficient to

establish that the "other sexual conduct" occurred within the time frame alleged by the State.

[8] G.R. testified that before Riggle began having sexual intercourse with her, he would put his penis in her mouth. She testified that conduct began when she was seven or eight, and although she could not remember the last time it occurred, she knew it happened more than once when they lived in a house on Rybolt Street. *See* Transcript, Volume 2 at 238. Riggle's wife and G.R.'s stepmom, Dorothy, testified the family lived in the house on Rybolt Street for almost three years, so they moved to that house in "maybe 2013." Tr., Vol. 3 at 20. Riggle therefore argues that "the last act of oral sex described by [G.R.] could have been as much as two (2) years-plus, before the earliest date of the offense – July 3, 2015, charged in the Information. It is therefore just as likely that the last act occurred *before* July 3, 2015, as on or after that date." Brief of Appellant at 12.

[9] As Riggle alleges, the date of the offense covered by Count III is not clear from the testimony. Indiana Code section 35-34-1-2(a)(5) requires an information to state the date of the offense with sufficient particularity to show that the offense was committed within the applicable statute of limitations. Here, the statutory period of limitations is not an issue – a prosecution for a Level 1 felony can initiated at any time. Ind. Code § 35-41-4-2(c). And Indiana Code section 35-34-1-2(a)(6) requires the information to state the time of the offense as definitely as possible *if* time is of the essence. However, as the State points out, time is generally not of the essence in child molesting cases. *Love v. State*, 761 N.E.2d

806, 809 (Ind. 2002). The exact date in child molesting cases is important only in limited circumstances, such as where the victim's age affects the class of charge. *Barger v. State*, 587 N.E.2d 1304, 1307 (Ind. 1992). The important age for determining classes of felonies in child molesting cases is fourteen. *Compare* Ind. Code § 35-42-4-3 (defining child molesting as occurring with a child under the age of fourteen years) *and* Ind. Code § 35-42-4-9 (defining sexual misconduct with a minor as occurring with a child at least fourteen years of age). G.R. testified that she was six or seven when the molestation began and she was only thirteen at the time of trial. Therefore, the precise date of the offense is not of the essence and is not a material element of the crime.

[10] The State proved that acts of "other sexual conduct" occurred when G.R. was well under the age of fourteen. Given that time is not of the essence in child molesting cases except in limited circumstances not applicable here, we do not find the evidence to be insufficient due to failure to prove the acts occurred during the specific dates alleged in the information.

# Conclusion

[11] The State proved by sufficient evidence that Riggle performed "other sexual conduct" with G.R. prior to her fourteenth birthday. His conviction for Count III of child molesting is therefore affirmed.

[12] Affirmed.

Crone, J., and Bradford, J., concur.