# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 24 2020, 8:28 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kelly M. Starling
Marion County Public Defender Agency
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. MacKenzie
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Ja'Juan Hudson,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

June 24, 2020

Court of Appeals Case No.
19A-CR-2673

Appeal from the Marion Superior Court

The Honorable Barbara C. Crawford, Judge

Trial Court Cause No.
49G01-1806-F3-18447

**Bailey, Judge.**

# Case Summary

Ja'Juan Hudson ("Hudson") appeals his conviction of Child Molesting, as a Level 3 felony.[1]  We affirm.

# Issues

Hudson presents two issues for review:

    I.    Whether the trial court abused its discretion by admitting into evidence Hudson's statement to police; and

    II.    Whether the State failed to present evidence that Hudson was an adult when he committed the charged offense.

# Facts and Procedural History

Hudson was born on July 31, 1998.  On June 8, 2018, the State charged Hudson with three counts of Child Molesting, alleging that he had fondled and engaged in other sexual conduct with his younger half-sibling, N.C.  A jury acquitted Hudson of two counts but was unable to reach a verdict as to Count 1.  The State decided to retry Hudson on Count 1, which alleged:

> On or about or between August 8, 2016 and August 7, 2017, Ja'Juan Hudson did knowingly or intentionally perform or

---

[1] Ind. Code § 35-42-4-3.

submit to other sexual conduct as defined in [I.C.] 35-31.5-2-221.5 with [N.C.], a child under the age of fourteen years.[2]

(App. Vol. II, pg. 23.)

[4] In anticipation of a jury trial, the trial court held a hearing on April 5, 2019, to consider the admissibility of Hudson's police statement, wherein he admitted that he had, at the age of fourteen, anally penetrated N.C. Hudson contended that the statement concerned a prior bad act that was inadmissible under Indiana Trial Rule 404(b). The State argued that the act to which Hudson had admitted was not extrinsic to the charged offense, in that he had essentially confessed but altered the date of occurrence. Persuaded that Hudson's statement was "more of an admission than a separate incident," the trial court ruled that the statement "should come in front of the jury" and was "not 404(b) [evidence] at all." (Tr. Vol. II, Pgs. 10-11.)

[5] On August 8, 2019, Hudson appeared at a hearing and waived his right to a jury trial. At the bench trial conducted on September 13, 2019, N.C. testified that she, her younger sibling, and Hudson were alone at their father's house; N.C. awakened from sleep in pain; and she discovered Hudson engaging her in anal intercourse. Hudson testified and repudiated his police statement as a fabrication made to pacify the interviewing officer. Hudson was convicted as

---

[2] Indiana Code Section 35-31.5-2-221.5 defines "other sexual conduct" as "an act involving: (1) a sex organ of one (1) person and the mouth or anus of another person; or (2) the penetration of the sex organ or anus of a person by an object."

charged and, on October 18, 2019, was sentenced to six years imprisonment, with three years suspended. He was ordered to serve one year of probation with standard sex offender conditions. Hudson now appeals.

# Discussion and Decision

## Trial Rule 404(b) Evidence

[6] The admission or exclusion of evidence is entrusted to the sound discretion of the trial court. *Thayer v. State*, 144 N.E.3d 843, 847 (Ind. Ct. App. 2020). We will reverse a trial court's decision only for an abuse of discretion. *Id.*

[7] Hudson argues that his police statement was inadmissible under Indiana Evidence Rule 404(b), which provides in relevant part:

> Crimes, Wrongs, or Other Acts.
>
> (1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> (2) Permitted Uses; Notice in a Criminal Case. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

[8] Evidence Rule 404(b) is designed to prevent the jury from making the "forbidden inference" that prior wrongful conduct suggests present guilt. *Halliburton v. State*, 1 N.E.3d 670, 681 (Ind. 2013) (citing *Byers v. State*, 709

N.E.2d 1024, 1026-27 (Ind. 1999)). *See also Bassett v. State*, 795 N.E.2d 1050, 1053 (Ind. 2003) (recognizing that the purpose behind Evidence Rule 404(b) is to "prevent[ ] the State from punishing people for their character, and evidence of extrinsic offenses poses the danger that the jury will convict the defendant because ... he has a tendency to commit other crimes.") (internal quotation omitted). In assessing the admissibility of evidence under Evidence Rule 404(b), the trial court must first determine that the evidence of other crimes, wrongs, or acts is relevant to a matter at issue other than the defendant's propensity to commit the charged act, and then balance the probative value of the evidence against its prejudicial effect pursuant to Evidence Rule 403. *Halliburton*, 1 N.E.3d at 681-82 (citing *Wilson v. State*, 765 N.E.2d 1265, 1270 (Ind. 2002)). The effect of Rule 404(b) is that evidence is excluded only when it is introduced to prove the forbidden inference of demonstrating the defendant's propensity to commit the charged crime. *Rogers v. State*, 897 N.E.2d 955, 960 (Ind. Ct. App. 2008), *trans. denied*.

[9] Here, the victim participated in a good touch/bad touch program at her elementary school and disclosed that Hudson had anally penetrated her on a single occasion. She did not provide a specific date. During the State's investigation, Hudson gave a police statement and admitted that he had anally penetrated N.C. on one occasion. He added that he had been fourteen years of age. Hudson's admission did not confirm the investigative theory that Hudson had been several years older, but this did not render the act under discussion extrinsic to the charged offense. Moreover, the concern that a jury might draw

a forbidden inference as to Hudson's character is not present here, because this was a bench trial.[3]  Hudson has demonstrated no abuse of the trial court's discretion in the admission of evidence.

## Hudson's Age

[10]  Hudson contends that insufficient evidence supports his conviction.  When reviewing a claim that the evidence is insufficient to support a conviction, we neither reweigh the evidence nor judge the credibility of the witnesses; instead, we respect the exclusive province of the trier of fact to weigh any conflicting evidence.  *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005).  Considering only the probative evidence supporting the judgment and any reasonable inferences which may be drawn from this evidence, we will affirm if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt.  *Id.*

[11]  Hudson was convicted pursuant to Indiana Code Section 35-42-4-3(a), which provides in relevant part:

---

[3] Hudson claims that the trial court, in deciding admissibility, relied upon a fact not in evidence.  Specifically, Hudson had described the setting when he anally penetrated N.C. and stated that his youngest sibling was asleep in the same bed with N.C.  At the pretrial hearing, the trial court stated that the youngest sibling had not been born when Hudson was fourteen, and she found this supportive of the State's argument that Hudson had given false information about his age.  However, when arguments as to admissibility were offered at trial, it was clarified that the youngest sibling had been born when Hudson was fourteen.  The trial court acknowledged the clarification.  Thus, the decision to admit the statement was not based upon a misapprehension of fact.

> A person who, with a child under fourteen (14) years of age, knowingly or intentionally performs or submits to sexual intercourse or other sexual conduct (as defined in IC 35-31.5-2-221.5) commits child molesting, a Level 3 felony.

Although he articulates an issue of insufficient evidence, Hudson does not challenge the sufficiency of the evidence supporting any of the foregoing elements. Rather, he contends that the State-having alleged that Hudson committed sexual conduct against N.C. between August 8, 2016 and August 7, 2017, when Hudson was eighteen or nineteen-failed to prove the conduct occurred within that timeframe.

[12] Indiana Code Section 35-34-1-2 governs the specificity of an indictment or information. Of relevance here is the following language:

> The indictment or information shall be in writing and allege the commission of an offense by: . . .

> (5) stating the date of the offense with sufficient particularity to show that the offense was committed within the period of limitations applicable to that offense;

> (6) stating the time of the offense as definitely as can be done if time is of the essence of the offense[.]

[13] Hudson acknowledges that, generally, it is well settled that "time is not of the essence in the crime of child molesting." *Barger v. State*, 587 N.E.2d 1304, 1307 (Ind. 1992). As explained in *Barger*:

> It is difficult for children to remember specific dates, particularly when the incident is not immediately reported as is often the situation in child molesting cases. The exact date becomes important only in limited circumstances, including the case where the victim's age at the time of the offense falls at or near the dividing line between classes of felonies.

*Id.* According to Hudson, time was "of the essence" here because he had turned eighteen only eight days before the earliest date contained within the Information. Appellant's Brief at 17. He suggests that N.C.'s testimony could have referred to an event at least nine days earlier, although he denied that any such event took place. Hudson did not present an alibi defense; rather, his defense was that he never at any time committed the charged act.

[14] Hudson implies that the criminal court lacked jurisdiction over him. Nonetheless, he has pursued no jurisdictional challenge and he did not move to dismiss the Information. He simply argues that the State should have offered definitive proof that sexual conduct took place when he was over the age of eighteen.

[15] The State responds that both N.C. and her mother testified that N.C. had been seven, which, based upon the respective birth dates, would mean that Hudson had turned eighteen. Our review of the record does not indicate that the testimony of N.C. and her mother was so clear-cut. N.C. testified that she and her younger sibling were visiting their father, but he and his girlfriend left, leaving Hudson in the house. N.C., who had been in bed with her younger sibling, awakened to find Hudson molesting her. N.C. stated that she

"believed" she was seven and she acknowledged that "more than a year after it happened," her school conducted the program that ultimately prompted the April 2018 investigation. (Tr. Vol. II, pgs. 47, 51.) N.C.'s mother testified that "her understanding" of N.C.'s age was that she had been "about seven." *Id.* at 64.

[16] That said, Hudson's own testimony supports an inference that he was eighteen at the time he gained unsupervised access to N.C. In his police statement, Hudson described an incident of sexual conduct that took place at his father's house when N.C. and their youngest sibling were asleep in bed together. At trial, Hudson testified that he and his father were estranged, and he seldom visited his father. He stated that, "once in 2017," he "spent the night" at his father's house. *Id.* at 104. Hudson was eighteen during all of 2017. Assuming that "time was of the essence" in these circumstances, and the State was required to allege a time with particularity, it did so. And, having made a particular allegation, the State did not fail to satisfy its burden of proof to establish the allegation.

# Conclusion

[17] Hudson has not demonstrated an abuse of the trial court's discretion in the admission of evidence. The State did not fail to present sufficient evidence to support the conviction.

[18] Affirmed.

Crone, J., and Altice, J., concur.