

FILED

Dec 09 2020, 9:25 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Amy E. Karozos
Public Defender of Indiana

Lloyd E. Sally
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jodi Kathryn Stein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| David Earl Hamilton,<br>*Appellant-Petitioner,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Respondent.* | December 9, 2020<br><br>Court of Appeals Case No.<br>20A-PC-1220<br><br>Appeal from the Elkhart Superior Court<br><br>The Honorable Teresa L. Cataldo, Judge<br><br>Trial Court Cause No.<br>20D03-1804-PC-18 |

**Bailey, Judge.**

# Case Summary

[1] David Earl Hamilton ("Hamilton") appeals the denial of his petition for post-conviction relief, which challenged the credit restriction portion of the sentence imposed upon his plea of guilty to Child Molesting, as a Class A felony.[1] Pursuant to Indiana Code Section 35-38-1-7.8, a sentencing court is to determine eligibility for a credit restriction based upon the nature and date of the offense.[2] At the conclusion of the guilty plea hearing, the State observed an error as to date in the charging Information. To the extent the error was corrected, it lacked specificity, and defense counsel took no action to narrow the time frame so as to determine credit restriction eligibility and potentially avoid ex post facto punishment. Hamilton now presents the sole issue of whether he was denied the effective assistance of counsel.[3] We remand for a sentencing hearing to address Hamilton's eligibility for the credit restriction.

---

[1] Ind. Code § 35-42-4-3.

[2] Effective July 1, 2008, Indiana Code Section 35-41-1-5.5 defined a credit restricted felon to include one convicted of child molesting that involved sexual intercourse or deviate sexual conduct, if committed by a person at least twenty-one years of age and the victim was less than twelve years of age. This statute has now been repealed and replaced by Indiana Code § 35-31.5-2-72.

[3] We do not address his freestanding claim that his sentence is illegal because the designation as a credit restricted felon is erroneous. A post-conviction petition is not a substitute for an appeal, nor does it afford a petitioner a "super appeal." *Reed v. State*, 856 N.E.2d 1189, 1194 (Ind. 2006). Post-conviction proceedings afford petitioners a limited opportunity to raise issues that were unavailable or unknown at trial and on direct appeal. *Id.* Accordingly, we address the issue that is not waived, procedurally defaulted, or *res judicata*, that is: whether Hamilton was denied the effective assistance of counsel.

# Facts and Procedural History

[2] E.H. was born in January of 2002. Late in 2013, E.H. disclosed to her parents that Hamilton, her grandfather, had molested her several years earlier, when he was babysitting. On December 18, 2013, E.H.'s parents reported the accusations to police. E.H.'s mother also reported that Hamilton had been permitted to babysit E.H. on some occasions when she was five to six years old.

[3] On July 29, 2014, the State of Indiana charged Hamilton with Child Molesting, by deviate sexual conduct. According to the Information, Hamilton had committed the offense on or about December 18, 2013, which was the date of the police report.[4] On March 10, 2016, Hamilton appeared at a guilty plea hearing, stated that he understood the charge against him,[5] and "admitted all material facts just read." (G. Plea Hrg. Tr. at 27.) He testified that he had babysat for E.H. during 2007 and 2008.

---

[4] The contents of a charging information are governed by Indiana Code section 35–34–1–2, which provides in relevant part:

(a) The indictment or information shall be in writing and allege the commission of an offense by:

* * *

(5) stating the date of the offense with sufficient particularity to show that the offense was committed within the period of limitations applicable to that offense;

(6) stating the time of the offense as definitely as can be done if time is of the essence of the offense[.]

"[T]ime is not of the essence in the crime of child molesting." *Barger v. State*, 587 N.E.2d 1304, 1307 (Ind. 1992)). The exact date becomes important in limited circumstances, such as when the victim's age at the time of the offense falls at or near the dividing line between classes of felonies. *Id.*

[5] In material part, the charge against Hamilton was that "Hamilton, a person at least twenty-one years of age knowingly performed or submitted to deviate sexual conduct with E.H., a child under age twelve." (Ex. Vol. 1, pg. 3.)

[4] After the factual basis was heard, the prosecuting attorney "noted a time error in the Information," because it reflected the date of the police report, not the date of conduct. (*Id.* at 33.) Defense counsel suggested that the relevant time frame was "2007/2008" and the prosecuting attorney advised that the factual basis was consistent with the Probable Cause Affidavit. (*Id.*) The trial court ruled that the State could "amend the Information to comport with the evidence." (*Id.*)[6] As for the amendment, no specific language was recited in open court and Hamilton was not asked to make any further admission. Neither the trial court nor any party attempted to ascertain whether contact between Hamilton and E.H. took place after July 1, 2008, despite several conflicting statements contained within exhibits before the trial court.

[5] On April 14, 2016, Hamilton was sentenced to forty years imprisonment, with ten years suspended to probation.[7] In articulating its reasoning and pronouncing the sentence, the trial court repeatedly stated that E.H. had been five years old at the time the crime was committed. Notwithstanding references to a time frame that predated the enactment of the credit restriction statute, the trial court classified Hamilton as a credit restricted felon. Defense counsel did not challenge the imposition of the restriction.

---

[6] The trial court ordered the State to produce, at an unspecified future date, a written corrected Information. The parties' arguments do not address whether this occurred.

[7] A plea agreement between the State and Hamilton had capped the executed portion of the sentence at thirty years.

[6] On April 12, 2018, Hamilton filed a petition for post-conviction relief. His amended petition, filed December 31, 2018, asserted that he had been subjected to ex post facto punishment and deprived of the effective assistance of trial counsel. On December 9, 2019, the post-conviction court conducted an evidentiary hearing, at which trial counsel testified. Defense counsel testified that he had anticipated the imposition of a credit restriction and had advised Hamilton accordingly. He had no recollection of reviewing cases addressing ex post facto punishment. He also testified that Hamilton, elderly and in ill health, had articulated the expectation that he would die in prison.

[7] On June 2, 2020, the post-conviction court entered its findings of fact, conclusions of law, and order denying Hamilton relief. In relevant part, the post-conviction court found that "the time frame referenced was neither disputed nor in any way narrowed by the Petitioner," and the trial court's references to the victim's age had been made solely in the context of considering whether an aggravated sentence was appropriate. (Appealed Order at 6.) The post-conviction court concluded that "the totality of the evidence allowed an inference of molestation on three occasions in 2007 to 2008," that the trial court had not imposed an ex post facto sentence, and therefore, "the ineffectiveness claim lacks merit." (*Id.* at 9.) Hamilton now appeals.

# Discussion and Decision

[8] Hamilton pled guilty to the crime of Child Molesting, as a Class A felony, and has not disputed the voluntariness of his guilty plea. Rather, he claims that his

trial counsel stood idly by as Hamilton received ex post facto punishment at the sentencing phase.[8]

[9] The petitioner for post-conviction relief must establish that he is entitled to relief by a preponderance of the evidence. *Timberlake v. State*, 753 N.E.2d 591, 597 (Ind. 2001). "Because he is now appealing a negative judgment, to the extent his appeal turns on factual issues, [the petitioner] must convince this Court that the evidence as a whole leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court." *Id.* We accept the post-conviction court's findings of fact unless clearly erroneous but accord no deference to conclusions of law. *Turner v. State*, 974 N.E.2d 575, 581 (Ind. Ct. App. 2012), *trans. denied*. We will reverse the post-conviction court's decision only if the evidence is without conflict and leads to a conclusion opposite that reached by the post-conviction court. *Id*. at 581-82.

[10] "The criminal defendant's right to counsel is foundational to our criminal justice system, giving it legitimacy and fairness." *Bobadilla v. State*, 117 N.E.3d 1272, 1279 (Ind. 2019). The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to counsel and mandates that the right to counsel is the right to the effective assistance of counsel. *Id.*

---

[8] Depending on the credit class to which a defendant is assigned, a defendant may earn a statutorily specified amount of credit time for each day of incarceration which can reduce the amount of time the defendant is incarcerated. I. C. § 35–50–6–3. Hamilton would have been initially assigned to credit class I or IV depending on whether he is a credit restricted felon. *See id.* A person assigned to Class IV earns one day of credit time for every six days of imprisonment or confinement awaiting trial or sentencing, while a person assigned to Class I earns one day of credit time for each day. *Id.*

We evaluate Sixth Amendment claims of ineffective assistance under the two-part test announced in *Strickland*. *Rondeau v. State*, 48 N.E.3d 907, 916 (Ind. Ct. App. 2016) (citing *Strickland v. Washington*, 466 U.S. 668, 698 (1984)), *trans. denied*. To prevail on his claim of ineffective assistance of counsel, Hamilton must demonstrate that (1) counsel's representation fell short of prevailing professional norms, and (2) counsel's deficient performance prejudiced Hamilton such that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the sentencing proceeding would have been different. *Strickland*, 466 U.S. at 687-88, 698. "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Rondeau*, 48 N.E.3d at 916 (quoting *Strickland*, 466 U.S. at 698). "The two prongs of the *Strickland* test are separate and independent inquiries." *Id*. (citing *Strickland*, 466 U.S. at 697). "Thus, '[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice ... that course should be followed.'" *Id*. (quoting *Strickland*, 466 U.S. at 697).

[11] Indiana Code Section 35-38-1-7.8 requires a sentencing court to determine whether a person is a credit restricted felon, based upon (1) evidence admitted at trial that is relevant to the credit restricted status; (2) evidence introduced at the sentencing hearing; or (3) a factual basis provided as part of a guilty plea. Here, the trial court did not specifically articulate the basis for the credit restriction; to the extent that the court focused upon a time frame in discussing

an appropriate sentence, the focus was upon a time when E.H. was five years old. E.H. turned six in January of 2008, predating the credit restriction statute.[9]

[12] Hamilton had been charged with Child Molesting several years after his contact with E.H. ceased; in turn, he pled guilty approximately two years after he was charged. Perhaps because of the delays, neither the trial court nor either attorney appeared cognizant that classifying Hamilton as a credit restricted sex offender might result in ex post facto punishment, depending upon the date of the offense.

> Among other things the ex post facto prohibition forbids the Congress and the States to enact any law which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed. The underlying purpose of the Ex Post Facto Clause is to give effect to the fundamental principle that persons have a right to fair warning of that conduct which will give rise to criminal penalties.

*Wallace v. State*, 905 N.E.2d 371, 377 (Ind. 2009) (citations omitted) (internal quotation marks omitted).

---

[9] Hamilton argues that the sentencing order is internally inconsistent because the trial court referred to E.H. having been five years of age but also imposed a credit restriction. E.H. turned six before the credit restriction statute was enacted; thus, identifying E.H. as five and imposing the restriction are facially inconsistent. That said, the trial court was addressing sentencing factors. Succinctly, the court was not resolving a factual dispute at that juncture because the necessity of doing so – or the implications therefrom – had not been raised.

[13] Indiana Code Section 35-41-1-5.5 provided that the subject credit restriction would be applied "to persons convicted after June 30, 2008." Because Hamilton was convicted in 2016, the statute would, by its own terms, apply to Hamilton. However, we have repeatedly held that the retroactive application of the amended statutes to offenses that were committed prior to the effective date of the amendments is an ex post facto violation. *E.g.*, *Gaby v. State*, 949 N.E.2d 870, 882-83 (Ind. Ct. App. 2011); *Upton v. State*, 904 N.E.2d 700, 704-05 (Ind. Ct. App. 2009), *trans. denied*. As we explained in *Gaby*, "the new statute[s] lengthened the period that the defendant was required to spend in prison, constricted the opportunity for early release, and thereby made the punishment for a crime committed before the [their] enactment more onerous than it had been at the time of enactment." 949 N.E.2d at 883.

[14] Although *Gaby* and *Upton* were decided well in advance of Hamilton's sentencing, defense counsel testified at the post-conviction hearing that he had no recollection of reviewing this caselaw. We can readily conclude that counsel fell short of prevailing professional norms when he did not undertake any determination of the extent of Hamilton's exposure to criminal punishment or seek to elicit any relevant evidence.

[15] The material averments of the Information, the truth of which Hamilton admitted under oath, alleged a single act of child molestation (although he would later, in his pre-sentencing investigation interview, admit to at least two additional acts and describe the time frame in conflicting terms). The date of the act admitted to as part of the factual basis has not been established. The

post-conviction court observed, "the time frame referenced was neither disputed nor in any way narrowed by the Petitioner." (Appealed Order at 6.) Thus, the implications as to a credit restriction have not been addressed. Simply, counsel did not anticipate, prepare for, or muster a challenge to the imposition of the credit restriction.

[16] The State contends that Hamilton must show that an objection to the credit restriction would have been sustained and he has failed to demonstrate a reasonable probability of a different outcome had an objection been lodged. But the trial court did not articulate factual findings either to support or exclude the credit restriction. Whether a challenge to the credit time restriction would properly have been sustained is dependent upon the date the conduct was committed. The crux of the ineffectiveness challenge is the lack of recognition and development of any objection.

[17] The exhibits and argument presented at sentencing suggest that the time frame may well have been narrowed had testimony been elicited. According to defense counsel's testimony, he had reviewed the probable cause affidavit. The affidavit included references to the victim having been five and six years of age. E.H. turned six in January of 2008; the broad reference to her age does not suggest whether the conduct occurred before or after July 1, 2008. However, E.H.'s mother also reported that Hamilton's access to E.H. occurred when he was babysitting. Defense counsel did not elicit testimony as to when that contact ended.

Defense counsel was also present at the sentencing hearing when the prosecutor, to support an argument that Hamilton did not voluntarily stop molesting E.H., referred to a letter written to the court by E.H. The prosecutor advised the trial court that E.H. had claimed in the letter that "a family argument stopped the babysitting." (G. Plea Tr. at 47.) Potentially, one or more family members could provide a time frame for the family argument that cut off contact. But at this juncture, without factual development, we cannot determine if an objection to the imposition of the credit restriction would have been sustained.

# Conclusion

Performance of Hamilton's trial counsel fell below professional norms when counsel failed to investigate the extent of Hamilton's exposure to criminal punishment or develop a factual record to potentially limit that exposure. In order to determine whether Hamilton was prejudiced by that omission, we remand for additional sentencing proceedings consistent with this opinion.

Remanded.

Robb, J., and Tavitas, J., concur.